### STATE v JACOBS, et

Ohio Appeals, 9th Dist, Lorain Co

Decided Nov 6, 1939.

Howard R. Butler, prosecuting attorney, Elyria, for appellant.

G. A. Resek, Lorain, and Dan K. Cook, for appellee, Max Jacobs.

### OPINION

By WASHBURN, PJ.

We are not called upon to pass upon the merits of the controversy presented by the record in this case, nor are we called upon to say anything in reference to the procedure by which the con-

troversy was presented to the Court of Common Pleas.

Such facts as we may state are stated merely for the purpose of determining the question now before us.

All that is before us at this time for determination is the question whether the order which the Common Pleas Court made is a final order within the meaning of our statutes, and may therefore be reviewed on appeal on questions of law.

A gambling place was conducted by Stanley Sharkey, for and on behalf of Max Jacobs. The place where the gambling was conducted was raided by the sheriff without a search warrant, and certain articles of personal property, and certain money, which latter was in a bag in the place, were seized by the sheriff.

Stanley Sharkey was taken to the jail as a prisoner, and, upon search being made of his person, a considerable amount of money, together with a wrist watch, a comb and a key, was found, which was also seized by the sheriff, and all of the property seized by the sheriff was kept at the jail, to be used as evidence in the case against Max Jacobs and Louis Jacobs, who were thereafter indicted. Sharkey remained in jail for several days.

Thereafter the parties indicted pleaded guilty. and were sentenced to pay fines by the Common Pleas Court; and, at the conclusion of the journal entry sentencing the defendants, the court entered the following: "This case is set for hearing on Thursday, June 29, 1939, at 3 o'clock p. m., with reference to the disposition of the seized property herein."

At the appointed time, the parties claiming to be the owners of said property, which, besides the money and other property aforementioned, consisted of an adding machine, telephones and head sets, racing forms and blanks, wall boards, ruled and lettered for racing, an electric fan, tables, stands, stools, a bench, a loud speaker, an electric clock and an electric grill, appeared before the court. The prosecuting attorney, being requested by the court, was also present.

No written application for return of the property had then been filed, but the case proceeded, with the understanding that such an application should be filed, which was later done by Jacobs, who claimed to own the adding machine, the electric fan, the tables, stools and bench, the electric clock, and the money, amounting to $104.40, which was taken from a bag or other container at the place of business, and the money, amounting to $388, which was taken at the jail from the person of Sharkey, the agent of Max Jacobs. , .

A hearing was had, and the court ordered the sheriff and his deputies to forthwith destroy certain of the property, and to deliver to Stanley Sharkey $5 of the money taken from his person, and the balance of the money in the sheriff's possession, less the costs of the hearing on the application for the return of the property, was ordered paid to Max Jacobs, and certain of the other articles of personal property were ordered turned over to Max Jacobs.

The prosecuting attorney has filed a notice of appeal to this court on questions of law, and the case was docketed in this court; and a bill of exceptions, taken on the hearing of the application, has been duly filed.

A motion has been filed by appellee Max Jacobs, for an order dismissing the appeal, for the reason that the "appeal is from an interlocutory order and is not appealable."

After a consideration of the briefs of the parties and the authorities relative to the question involved, we are of the opinion and hold that the order directing the sheriff in reference to the disposition of the seized property is not an interlocutory order, but one made "upon a summary application in an action after judgment," and therefore a final order as defined in §12223-2, GC.

The motion to dismiss the appeal will therefore be overruled.

Motion overruled.

DOYLE & STEVENS, JJ., concur.

Decided Mar 29, 1940

## ON THE MERITS

By DOYLE, J.

Max Jacobs and Louis Jacobs were indicted on, and plead guilty to, the charge of keeping a room for "the recording of wagers and selling pools," in violation of §13062 GC. They each paid their fines and costs. The Court of Common Pleas of Lorain County was the forum.

Prior to the defendants' arrest, their place of business was entered by the sheriff, and certain property was seized, some of which was indisputably used for gambling purposes, and some of which was money. Part of the money was found on the person of an employee of the defendants, one Stanley Sharkey, and the rest in a cloth bag in the counter. All of the seized property was held as evidence by the sheriff. No warrant had been issued for the search and seizure.

Subsequent to the conclusion of the criminal action, and after the fines and costs were paid, one of the defendants, Max Jacobs, requested the court to order the sheriff to return to him, as owner, the property taken at the time of the raid.

The prosecuting attorney appeared at the hearing at the request of the court, and stated: "I am not entering an appearance for anybody and am specifically objecting to any appearance being made for anyone." He objected to the court making any order on the application, for the reason, as stated by him, that "Whatever was taken by the sheriff in this case is property in his custody. It wasn't taken on a search warrant, and therefore is not in the custody of the court. Any owner desiring to have that property returned must pursue his remedy at law to get it back."

It was the claim of the prosecuting attorney that process had neither been served upon the sheriff nor upon himself, and that the court had no authority to make an order in the matter.

The court thereupon conducted a trial, based upon the application of the defendant Max Jacobs. Witnesses were examined and cross-examined by the prosecuting attorney. At the conclusion of the evidence, the court ordered the destruction of certain items of property, and further ordered that the money, which the court found to belong to the defendant Max Jacobs, should be returned to him, after deducting therefrom the increased costs of the proceedings. From the decision ordering the return of the money, the state of Ohio has appealed to this court on questions of law.

On October 23, 1939, this court had before it the question as to whether or not the order which is the subject of this appeal was a final order within the meaning of the statutes, and could therefore be reviewed on questions of law. We there held that "the order directing the sheriff in reference to the disposition of the seized property is not an interlocutory order, but one made 'upon a summary application in an action after judgment,' and therefore a final order as defined in §12223-2 GC."

The jurisdiction of this court to hear the appeal having been thus determined, we are confronted with the question of the legal right of the Court of Common Pleas to award to the defendant the money in controversy.

If property is seized by an officer under a valid search warrant, the legal custody of the property is determined by statute. Sec. 13430-6 GC, provides:

"When the warrant is executed by the seizure of property or things described therein, such property or things shall be kept by the judge, clerk or magistrate to be used as evidence."

If property is seized by an officer without a search warrant for use as evidence, the rule is the same, for the reason that the sheriff is an executive officer of the court, and is made so by virtue of §2833 GC. Therefore, regardless of the manner in which he comes into the custody of any article which has an

evidential bearing upon a ▮▮▮▮ proceeding in court, and of which any person has been or is being unlawfully deprived, that person may petition the court for a restitution of his property. This for the elementary reason that the court has inherent and disciplinary power over its officers and can thus enforce its orders against them.

Therefore, in deciding one of the points in the instant case, this court concludes that, if the defendant Max Jacobs is unlawfully deprived of his property which was seized by the sheriff while said sheriff was legally raiding his place of business, and which property was seized as evidence of the violation of the law, then he can petition the court for a return of his property, for the reason that such property is subject to the orders of the court, and the sheriff, as an officer of the court is subject to the orders of the court as to the disposition of the property.

Is defendant Max Jacobs unlawfully deprived of his property?

It may be safely asserted that after the evidence has served its purpose as evidence, or could have ▮▮▮▮ been so used, the owner is entitled to its return, unless the very possession of such articles constitutes an offense.

The possession of the money under the circumstances here disclosed does not constitute an offense, and it is not subject to confiscation as apparatus suitable to be used for gambling purposes, within the purview of the gambling statutes of Ohio.

It is further claimed that, by virtue of the provisions of §13430-9 GC, the money cannot be restored to the owner. That section reads as follows:

"Upon conviction of a person for keeping a room or place to be used or kept for gambling, or knowingly permitting gambling to be conducted therein, or permitting a game to be played for gain, or a gaming device for gain, money or other property or for betting, or gambling, or permitting such device to be so used, or for being without a fixed residence and in the habit of gambling, if money or other property won in gaming, be found in his possession, such money or other property shall be subject to seizure and payment of a judgment which may be rendered against him, growing out of such violation of law."

It is asserted that, by virtue of §§5966 and 5969 GC, a civil action may be instituted by anyone who has lost money at gambling, or by anyone else if the loser has not sued, and therefore this money must be preserved to satisfy any judgments which might be rendered by virtue of those code provisions.

This claim cannot be maintained if the proper application of the well-known rule of statutory construction, ejusdem generis, is followed. Section 13430-9 GC, supra, specifically provides that "Upon conviction of a person," etc., money found in his possession which was won at gambling "shall be subject to seizure and payment of a judgment which may be rendered against him, growing out of such violation of law."

This statute clearly means that such money shall be subject to whatever judgment for fines and costs that may be imposed upon the convicted person, growing out of the violation of the gambling statutes, and the word "such" as used in the last sentence, plainly refers to the word "conviction" in the first sentence; and if this court were to attempt to construe the statute in the way suggested by the prosecuting attorney, we would be indulging in judicial legislation.

Judgment affirmed.

WASHBURN, PJ. & STEVENS, J., concur.