OPINION
{¶ 1} Defendant-Appellant Robert Turner appeals from a trial court order denying his motion to return money seized from him at the time of his arrest. The basis of the denial was Turner's failure to appear at the hearing on his motion and because the State alleged an unspecified child support arrearage and fines owed by Turner in a prior case. Because the trial court did not have sufficient evidence before it *Page 2 
to rule on the motion, the motion was prematurely overruled. Therefore, we will reverse the decision of the trial court.
 I {¶ 2} On May 22, 2006 Turner was arrested and charged with criminal trespass. The police seized $230 from him at the time of his arrest. Turner pled guilty to the charge, and the trial court sentenced him to thirty days of incarceration, twenty-nine of which the court suspended.
 {¶ 3} Shortly after his conviction, Turner filed a motion for release of property, seeking return of the $230 seized during his arrest. The State filed a motion contra, and the matter was set for a hearing. On the date of the hearing, the State alleged that Turner owed child support as well as fines owed in a prior case. Because Turner failed to appear for the hearing, the trial court overruled his motion, noting Turner's financial obligations in its entry.
 {¶ 4} Turner filed a motion for delayed appeal, which this court granted.
 II {¶ 5} Turner's First Assignment of Error:
 {¶ 6} "THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO RELEASE $230 THAT POLICE HAD SEIZED FROM HIM UPON HIS ARREST FOR CRIMINAL TRESPASS."
 {¶ 7} Turner's Second Assignment of Error:
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO RELEASE HIS $230 UPON FINDING THAT APPELLANT HAD FAILED TO APPEAR AT THE HEARING ON HIS MOTION, AND BECAUSE APPELLANT *Page 3 
ALLEGEDLY OWED FINES IN PRIOR CASES OR HAD A CHILD SUPPORT ARREARAGE."
 {¶ 9} Turner contends that the trial court erred by overruling his motion for the return of money seized from him during his arrest. The basis of the trial court's decision was Turner's failure to appear for the hearing on his motion. The trial court also noted in its entry that Turner owed an unspecified amount of money for an arrearage in his child support and that he owed money for fines imposed in a prior case.
 {¶ 10} The State begins by arguing that the trial court's decision is not a final appealable order. However, an order issued after conviction that directs disposition of money seized during arrest is an order made "upon a summary application in an action after judgment" and is therefore a final appealable order. R.C. § 2505.02(B)(2). State v.Jacobs (1940), 66 Ohio App. 151, 32 N.E.2d 574, syllabus (applying earlier version of statute). See, also, State v. Burnett (1986), Clermont App. No. CA85-08-058. Accordingly, the decision is a final appealable order.
 {¶ 11} Turner maintains that pursuant to R.C. § 2933.41, the trial court should have granted his motion. He further insists that neither his failure to appear at the hearing nor his alleged debts provided sufficient justification for denial of the motion. While we agree that the trial court had insufficient grounds to overrule Turner's motion, we do not believe that the trial court had no alternative but to grant the motion.
 {¶ 12} Disposition of personal property that is held by law enforcement is addressed in R.C. § 2933.41, which states in pertinent part:
 {¶ 13} "(C) A person loses any right that the person may have to the *Page 4 
possession, or the possession and ownership, of property if any of the following applies:
 {¶ 14} "(1)The property was the subject or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.
 {¶ 15} "(2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property."
 {¶ 16} The statute allows the return of confiscated property only to those who demonstrate that they have a right to possession of that property. Coburn v. Grimshaw (1995), Scioto App. No. 94CA2278, citation omitted. As a result, Turner bore the initial burden of showing that he had a right to possession of the money. Id., citations omitted. Turner's mere possession of the money at the time of his arrest is insufficient in and of itself to demonstrate a right to possession. Therefore, under the facts of this case, when Turner failed to appear for the hearing, he was unable to meet that burden.
 {¶ 17} In order to preclude Turner's ability to regain possession of the money, the State was required to meet the conditions set forth in R.C. § 2933.41(C), which the State failed to do. State v. Lilliock
(1982), 70 Ohio St.2d 23, 434 N.E.2d 723. There is no evidence in the record that the money was in any way related to Turner's criminal trespass conviction. Nor did the State's mere unsupported nonspecific allegations of unpaid child support and unpaid fines constitute evidence that Turner's acquisition or possession of the money was unlawful. *Page 5 
 {¶ 18} For these reasons, the trial court had insufficient information before it to rule on Turner's motion. Accordingly, we will sustain Turner's assignments of error in part.
 III {¶ 19} The judgment of the trial court is reversed, and the case is remanded to the trial court for rehearing on Turner's motion.
 FAIN, J. and DONOVAN, J., concur. *Page 1