**In re FORFEITURE OF $11,250 IN U.S. CURRENCY and One Hi–Point JHUS .45–Caliber Semiautomatic Pistol with Magazine and 6 Rounds of Ammunition.**

2002-Ohio-7452.]

Court of Common Pleas of Ohio,
General Division, Marion County.

No. 02 CV 0429.

Decided Oct. 29, 2002.

Jim Slagle, Marion County Prosecuting Attorney, and Rhonda G. Burggraf, Assistant Prosecuting Attorney, for plaintiff.

RICHARD,M. ROGERS, Judge.

{¶ 1}   This matter is before the court for consideration of the petition of the state requesting forfeiture of $11,250 in United States currency and one Hi–Point JHUS .45–caliber semiautomatic pistol with magazine and six rounds of ammunition.

{¶ 2}   A hearing on the petition was held on September 11, 2002.   Notice of the hearing was published for two consecutive weeks in a newspaper of general circulation.   No interested individual appeared at the hearing other than representatives of the state.

{¶ 3}   The court heard testimony from Ohio State Highway Patrol troopers who indicated that the property was seized during a routine traffic stop after the driver was arrested for driving with a suspended operator's license.   However, the driver of the vehicle, Anthony M. Laird, denied ownership of the subject property and further denied any knowledge of its presence in the vehicle. Likewise, the owner of the vehicle in which the property was located, Lucius V.

Jones, denied ownership of the property and also denied any knowledge of who might own the property. Both individuals were served with notice of this pending action, and neither has responded with any claim to the property.

{¶ 4} The state has presented three "causes of action," or theories, under which it claims that the property is subject to forfeiture. For reasons of efficiency, the court will consider the state's second cause of action last.

### I. Forfeiture Pursuant to R.C. 2933.42 and 2933.43

{¶ 5} The state first claims that the property is contraband pursuant to R.C. 2901.01(A)(13), 2933.42, or 2933.43. It alleges that the circumstances suggest that the property was used, or was intended to be used, in the commission of a criminal offense, specifically, trafficking in drugs.

{¶ 6} However, cash and firearms are not per se contraband as described in R.C. 2901.01(A)(13), and for the state to forfeit property pursuant to R.C. 2933.42 and 2933.43, it must first procure a felony conviction with relation to the property. "Forfeiture of R.C. 2933.42(B) contraband pursuant to R.C. 2933.43 * * * requires a conviction for a felony prior to forfeiture * * *." *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 182, 569 N.E.2d 916.

{¶ 7} There is no indication that anyone has been charged with a felony offense relating to the subject property, and certainly there was no evidence of a felony conviction. Therefore, there can be no forfeiture on the state's first claim.

### II. Forfeiture Pursuant to R.C. 2925.43

{¶ 8} In its third claim, the state alleges that the subject property was used, or intended to be used, to commit or facilitate the commission of a felony drug abuse offense and should therefore be forfeited pursuant to R.C. 2925.43.

{¶ 9} It does appear that the property was seized pursuant to "a lawful search without a search warrant." R.C. 2925.43(C)(1)(a). It further appears that the state complied with the proper method for service of notice, serving two individuals by certified mail, return receipt requested, and publishing a notice of the action and hearing date "once a week for two consecutive weeks in a newspaper of general circulation in the county in which the property is located." R.C. 2925.43(E)(2).

{¶ 10} Notice by publication was completed August 8, 2002, and indicated that the hearing would be held on August 30, 2002. However, due to a conflict of the assigned judge, the hearing was continued to September 11, 2002. Certified mail was eventually completed on Lucius V. Jones and on Anthony M. Laird.

{¶ 11} While the proper procedure was attempted, there was a problem with the timeliness of the notice. It appears that the original hearing date would not have satisfied the requirements of R.C. 2925.43(E)(4) because the hearing was scheduled less than thirty days after the completion of service and publication. The rescheduling of the hearing satisfied the thirty-day requirement as to the publication. However, it is not clear that either of the two named individuals received notice by certified mail thirty days in advance of the hearing. Although the named two individuals had previously disavowed any ownership or possessory interest in the subject property, the statute does not indicate that there are any exceptions to the requirement of service on persons "known, because of the conduct of the search, * * * to have * * * interest in the property." While we assume the state is serving the two named individuals simply as a precautionary measure, any service of individuals should comply with the requirements of the statute.

{¶ 12} "[T]he law does not favor forfeiture." *State v. Hill* (1994), 70 Ohio St.3d 25, 31, 635 N.E.2d 1248. The "general principle [is] that statutes imposing restrictions upon the use of private property, in derogation of private property rights, must be strictly construed." *State v. Lilliock* (1982), 70 Ohio St.2d 23, 26, 24 O.O.3d 64, 434 N.E.2d 723, citing *Saunders v. Clark Cty. Zoning Dept.* (1981), 66 Ohio St.2d 259, 261, 20 O.O.3d 244, 421 N.E.2d 152, and *Perkins v. Hattery* (1958), 106 Ohio App. 361, 365, 7 O.O.2d 100, 155 N.E.2d 73. "Whenever possible, such statutes must be construed so as to avoid a forfeiture of property." *State v. Lilliock* (1982), 70 Ohio St.2d 23, 26, 24 O.O.3d 64, 434 N.E.2d 723, citing *State ex rel. Jones v. Bd. of Deputy State Supervisors & Inspectors of Elections of Montgomery Cty.* (1915), 93 Ohio St. 14, 16, 112 N.E. 136. Therefore, the hearing in this case was premature as to these two named individuals.

{¶ 13} Further, the statute requires that the state demonstrate by "clear and convincing evidence, that the property in question is property as described in division (A)(1) or (2) of [R.C. 2925.43]." The court finds the evidence on this element to be extremely weak. It is conceivable that in an appropriate case and under reasonable circumstances and when the evidence is uncontested (as in this case), the court might find by a mere preponderance that such property was intended to be used in the commission of a felony drug abuse offense. However, the evidence presented in this case was so sparse on this issue that the court cannot find that the standard of clear and convincing evidence has been met.

{¶ 14} The issue of forfeiture is rendered moot, because the state succeeds on its second cause of action, although incorrectly stated.

### III. Disposition of Unclaimed Property Pursuant to R.C. 2933.41

{¶ 15}  In its second claim, the state has argued for forfeiture pursuant to R.C. 2933.41.  The Ohio Supreme Court has repeatedly stated that "R.C. 2933.41 is not a forfeiture statute."  *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 24 O.O.3d 64, 434 N.E.2d 723, and its progeny.  Although frequently misquoted in appellate decisions, and by the Office of Marion County Prosecuting Attorney, *Lilliock* is unequivocal on this point.  As recently as 1990, the Ohio Supreme Court cited that portion of the *Lilliock* opinion.  See *State v. Baumholtz* (1990), 50 Ohio St.3d 198, 202, 553 N.E.2d 635.  A review of more recent Supreme Court decisions reveals no change in that proposition.

{¶ 16}  However, the state is still successful in this case, and on this claim, because R.C. 2933.41 does provide for the disposition of "lost or abandoned property."  See R.C. 2933.41(A).  Although the state has incorrectly requested "forfeiture" under this provision, it has, without a doubt, requested "disposition" of the property and has apparently done all that is necessary under R.C. 2933.41 to give notice to any person who might have a right to possession of the property.  See R.C. 2933.41(B).

{¶ 17}  The state has argued the right to "forfeiture" under R.C. 2933.41(C).  That subdivision simply states that "[a] person loses any right that the person may have to the possession, or the possession and ownership, of property" that "was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense."  The statute does not use the term "forfeiture," and the Ohio Supreme Court has specifically stated that it is not a forfeiture.  R.C. 2933.41(C) simply prevents certain individuals from exercising a right to replevy or reclaim certain property under certain circumstances.  While this may appear to be a minor distinction, it might have considerable significance in some factual situations.  Furthermore, it is a distinction that the Ohio Supreme Court has restated repeatedly, and one that the trial courts of this state are duty-bound to recognize.

{¶ 18}  However, R.C. 2933.41(D) does provide for the disposition of "unclaimed" as well as "forfeited property in the custody of a law enforcement agency * * * on application to and order of any court of record that has territorial jurisdiction over the political subdivision in which the law enforcement agency has jurisdiction to engage in law enforcement activities * * *."  Other sections of law specifically refer to this section for the manner of disposition of property after forfeiture.  See R.C. 2933.43(D)(1) ("Contraband ordered forfeited pursuant to this section shall be disposed of pursuant to divisions [D][1] to [7] of section 2933.41 of the Revised Code").

{¶ 19}   The property in this case is obviously "unclaimed."   The court finds that the state's publication of this action satisfies the notice provisions of R.C. 2933.41(B).   Therefore, the property at issue is subject to disposition pursuant to R.C. 2933.41(D).   The gun shall be destroyed pursuant to R.C. 2933.41(D)(2), and the moneys shall be disbursed pursuant to R.C. 2933.41(D)(8).

{¶ 20}   The court notes that the complaint of the state requested that the property be "forfeited" to the Ohio State Highway Patrol; however, the state presented the court with a proposed judgment entry that provided that the currency was to be disbursed 75 percent to the Highway Patrol and 25 percent to the prosecutor's Law Enforcement Trust Fund.

{¶ 21}   It is well-established law that a plaintiff cannot be granted judgment for something that it did not request in its complaint.   Therefore, disposition of the property will be directed to the Ohio State Highway Patrol.   If that agency has entered into some agreement with the prosecutor for a share of the currency, that is an issue between the Highway Patrol and the prosecutor, and the issue has not been properly raised in this action.

{¶ 22}   The final issue to be addressed by the court is payment of court costs.   R.C. 2933.41(D)(8) provides that "unclaimed or forfeited moneys [shall be] disposed of in another manner that the court considers proper in the circumstances."   The court finds that payment of costs to the clerk of courts is necessary and appropriate and cannot be ordered to be made from any other source.   This court therefore finds that court costs should be paid from the currency at issue.

{¶ 23}   IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the $11,250 in United States currency held by the Ohio State Highway Patrol and that is the subject of this case shall be applied first to the payment of the costs incurred in connection with this proceeding, including the prosecutor's costs of publication, and the balance shall be paid to the Ohio State Highway Patrol.

{¶ 24}   IT IS FURTHER ORDERED that the Hi–Point JHUS .45–caliber semiautomatic pistol with magazine and six rounds of ammunition shall be destroyed by the Ohio State Highway Patrol.

{¶ 25}   Pursuant to Civ.R. 58(B), the clerk is directed to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal.

Judgment accordingly.