OPINION
{¶ 1} The state of Ohio ("the state") appeals the decision of the Butler County Court of Common Pleas denying its motion for forfeiture, and granting defendant-appellee, Hassib Selbak's,[1] motion to return property. We reverse and remand the trial court's decision.
 {¶ 2} In September 2001, appellee engaged in a business where he purchased and sold, via the Internet, what he believed to be Viagra. Appellee purchased the pills from a source in China, and then sold them to customers through the use of the website Alibaba.com. The pills appellee sold resembled Viagra, and bore the name of its manufacturer, Pfizer. An analysis of the pills confirmed that while they contained the active ingredient found in Viagra, they also contained other fillers not associated with the genuine product.
 {¶ 3} A Pfizer employee, posing as a potential buyer, agreed to purchase pills from appellant before notifying law enforcement. As part of the investigation, the Butler County Sheriff's Office seized a bank account in the name of "Mr. Spotless," which is one of appellee's other businesses.
 {¶ 4} The state charged appellee with three felonies, including two counts of trademark counterfeiting, in violation of R.C. 2913.34, and one count of selling dangerous drugs at retail, in violation of R.C.4729.51. Each trademark counterfeiting charge contained a specification seeking forfeiture of all money contained in the seized bank account.
 {¶ 5} On April 16, 2002, at the conclusion of appellee's bench trial, the trial court acquitted appellee on both counts of trademark counterfeiting. Appellee was found guilty on the third charge of the lesser included offense of possession or selling dangerous drugs at wholesale when that person is not a registered wholesale distributor of dangerous drugs, which is a misdemeanor of the first degree.
 {¶ 6} Upon acquittal of the felony charges, appellee filed a motion to return the bank account. On April 29, 2002, the state objected to appellee's motion, and on May 9, 2002, the state filed a motion for forfeiture under R.C. 2933.41. The court granted appellee's motion and ordered that the account be returned to appellee on June 5, 2002. The state now appeals that decision. The state raised the following argument, which we will consider as its assignment of error.
 {¶ 7} "The trial court erred in granting Selbak's motion for return of property and denying the State's motion for forfeiture."
 {¶ 8} The state argues that the trial court erred by failing to find that appellee's bank account is contraband pursuant to R.C.2901.01, and that according to R.C. 2933.41(C), appellee lost the right to possess the account he utilized in the commission of the offenses for which he was found guilty.
 {¶ 9} In its written decision, the trial court briefly reviewed selected sections of R.C. 2901.01(A)(13), which is the statutory section that defines contraband. However, the trial court did not make a determination of whether the bank account was contraband.
 {¶ 10} The trial court stated that R.C. 2933.42 and R.C. 2933.43
set forth the procedure to make the determination of whether the money in the account was contraband. The trial court then turned its focus to R.C. 2933.42 and R.C. 2933.43. The trial court determined that those statutes required a felony conviction and that the state failed to follow the procedural requirements of R.C. 2933.43. The trial court concluded that forfeiture of the bank account was not available to the state and returned the property to appellee.
 {¶ 11} It is apparent from our review of the case law that this area of the law is confusing, at best.
 {¶ 12} A person cannot lawfully possess property that is contraband. R.C. 2933.42(A); State v. Majka (Mar. 27, 2002), Summit App. No. 20587. According to R.C. 2933.42(A), "[n]o person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband." In addition, R.C. 2933.43 contains the procedure for a proceeding regarding the forfeiture of R.C. 2933.42
contraband.
 {¶ 13} The forfeiture of R.C. 2933.42 contraband pursuant to R.C.2933.43 requires a felony conviction. State v. Casalicchio (1991),58 Ohio St.3d 178, 182. Since appellee was convicted of a misdemeanor offense, the state is unable to procure a forfeiture pursuant to R.C.2933.42 and R.C. 2933.43. See Hamilton v. Callon (1997),119 Ohio App.3d 759, 760.
 {¶ 14} However, the state did not bring a forfeiture action under R.C. 2933.42 and 2933.43. Instead, the state sought forfeiture of appellee's bank account according to R.C. 2933.41(C), which provides that:
 {¶ 15} "[a] person loses any right that the person may have to the possession, or the possession and ownership, of property if any of the following applies:
 {¶ 16} "The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.
 {¶ 17} "A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property."
 {¶ 18} While the state has argued its right to "forfeiture" under R.C. 2933.41(C) and other cases have likewise employed that term, the Ohio Supreme Court expressly held that R.C. 2933.41(C) is not a "forfeiture statute." State v. Lilliock (1982), 70 Ohio St.2d 23, 25. Rather, R.C. 2933.41 is a statute that "governs the disposition of property held by a law enforcement agency." Id. at 24. R.C. 2933.41(C) is a statute that prevents certain individuals from exercising a right to reclaim certain property under certain circumstances. In re Forfeiture of$11,250 in U.S. Currency, 121 Ohio Misc.2d 111, 116, 2002-Ohio-7452.
 {¶ 19} In Lilliock, the Ohio Supreme Court held that for the state to be successful under R.C. 2933.41(C), it must meet both parts of a two-part test. Lilliock at 26. The court held that the state must show that the offender used the property in the commission of an offense, and that it is unlawful for the offender to possess the property in light of its nature or the circumstances of the offender. Id.
 {¶ 20} After the Ohio Supreme Court decided Lilliock, R.C.2933.41(C) was amended, and now includes the phrase "if any of the following apply." State v. Johnson (Aug. 23, 1993), Clinton App. No. CA93-03-007. This amendment removes the two-part test described inLilliock and substitutes it with two separate tests. Id. Now, the state must show either that the property was used in the commission of an offense other than a traffic offense, or that it is unlawful for the offender to possess the property in light of its nature or the circumstances of the offender. Id. Therefore, if the state can successfully satisfy either of these tests, appellee is unable to obtain possession of the bank account. Id.
 {¶ 21} Also, the state argues that the trial court erred in not finding that appellee's bank account is contraband under R.C.2901.01(A)(13). However, as the Supreme Court described in Lilliock, the proper test to be used when R.C. 2933.41(C) is applicable does not include a requirement that the property be found to be contraband. See Lilliock,70 Ohio St.2d at 26; State v. Porter (Mar. 22, 1995), Summit App. No. 16946; R.C. 2933.41(C). As the court explained in Porter, R.C. 2933.43
and R.C. 2933.41 "have significant differences that prevent the simple substitution of one for the other" and "have different procedural requirements." Id. While R.C. 2933.43 applies specifically to property that is contraband, R.C. 2933.41 applies to property that is being "lawfully held by police under a variety of circumstances." Id.
 {¶ 22} Even though R.C. 2933.41(C) does not establish a particular procedure for accomplishing the disposition of property, a trial court is permitted to order the disposition of property used in the commission of any offense, other than a traffic offense, as part of a judgment of conviction. State v. Hanauer (May 3, 1995), Montgomery App. No. 14492.
 {¶ 23} Proceedings under R.C. 2933.41 are criminal in nature but civil in form. Lilliock, 70 Ohio St.2d at 25. Because such an action under R.C. 2933.41 is civil in nature, the state has the burden of establishing its claim by a preponderance of the evidence. Reese v. Cityof East Cleveland (May 12, 1994), Cuyahoga App. No. 65126. Thus, to be successful in the case at bar, the state must show that it is more likely than not that appellee used funds from his business bank account in the commission of the offense for which he was convicted, or that it is unlawful for appellee to possess the account.
 {¶ 24} It is unclear whether or not the trial court applied R.C.2933.41(C) when it ordered that the bank account be returned to appellee. While the trial court does mention R.C. 2933.41(C), the court later stated, "[f]irst and foremost, the statutes for forfeiture of property only apply where the underlying offense is a felony." However, this statement is applicable to a forfeiture proceeding under R.C. 2933.42
and 2933.43, which we have already determined to be inappropriate for the case at bar.
 {¶ 25} We sustain the state's assignment of error. We remand the case at bar for the trial court to determine, under R.C. 2933.41(C), if it is more likely than not appellee used his business bank account in the commission of the offense for which he was convicted, or if it is unlawful for appellee to possess the bank account in light of its nature or appellee's circumstances. If the trial court finds that R.C. 2933.41
is applicable, it must also determine what portion of the bank account, if any, appellee loses the right to possess.
 {¶ 26} Judgment reversed and remanded for proceedings consistent with this opinion.
YOUNG and WALSH, JJ., concur.
[1] Appellee's name is spelled differently in the briefs filed before this court. We will spell the name as it appears in the indictment.