THE STATE OF OHIO, APPELLANT, *v.* LILLIOCK, APPELLEE.

(No. 81-817—Decided April 28, 1982.)

*Mr. Ray Luther,* for appellant.

*Messrs. Jones, Norpell, List, Miller & Howarth* and *Mr. J. Michael King,* for appellee.

CLIFFORD F. BROWN, J.   At issue is the meaning and application of R. C. 2933.41, which governs the disposition of property held by a law enforcement agency.[2] This is the first opportunity for this court to construe this statute which appears in R. C. Title 29, the Criminal Code, under the Chapter relating to peace warrants and search warrants. R. C. 2933.41 contains no description of the form of proceedings to determine disposition of property held by a law enforcement

---

[2] R. C. 2933.41 provides, in pertinent part:

"(A) Property that has been lost, abandoned, stolen, or lawfully seized or forfeited, and that is in the custody of a law enforcement agency, shall be safely kept pending the time it is no longer needed as evidence, and shall be disposed of pursuant to this section.

"* * *

"(C) A person loses any right he may have to possession of property:

"(1) That was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and such person is a conspirator, accomplice, or offender with respect to the offense;

"(2) When, in light of the nature of the property or the circumstances of such person, it is unlawful for him to acquire or possess it.

"(D) Unclaimed and forfeited property in the custody of a law enforcement agency, shall be disposed of on application to and order of any court of record that has territorial jurisdiction over the political subdivision in which the law enforcement agency has jurisdiction to engage in law enforcement activities, as follows:

"* * *

"(5) Other unclaimed or forfeited property may be sold at public auction, or disposed of as the court considers proper in the circumstances."

agency, but merely specifies the court having jurisdiction over the matter. R. C. 2933.41(D). Nor do the Criminal Rules comprehend such proceedings. We conclude that a proceeding under R. C. 2933.41 is criminal in nature, but civil in form, and is governed by the Rules of Civil Procedure. This accords with the principle contained in Crim. R. 57(B), which directs courts to the Civil Rules when no procedure is specifically prescribed by Criminal Rule.[3]

R. C. 2933.41(A) provides, in pertinent part, that "[p]roperty * * * lawfully seized or forfeited, * * * shall be safely kept pending the time it is no longer needed as evidence," when it "shall be disposed of pursuant to this section." Division (C) of R. C. 2933.41, harmonizing with division (A), provides, in pertinent part, that a person loses any right "to possession of property" used "in the commission, of an offense other than a traffic offense * * * [w]hen, in light of the nature of the property or the circumstances of such person, it is unlawful for him to acquire or possess it." Even if, arguendo, defendant's van fulfills the requirements of division (C), R. C. 2933.41 affects only defendant's right to possession of his vehicle and does not disturb his right to title of such property. This determination is in accord with *State* v. *Jacobs* (1940), 137 Ohio St. 363, where, in a parallel situation, we held that money seized by a sheriff raiding a gambling place was not subject to confiscation, but that after the fine and costs assessed against the keeper of the gambling premises were satisfied from such money seized, at the termination of the criminal proceedings, the balance should be returned to the person in whose possession it was found.

Although R. C. 2933.41 is not a forfeiture statute, deprivation of defendant's right to possession of his vehicle is as onerous as if the state had declared a forfeiture. This court must construe R. C. 2933.41 strictly, keeping in mind the principle that forfeitures are not favored in law or equity. *State, ex rel. Lukens,* v. *Indus. Comm.* (1944), 143 Ohio St. 609, 611;

---

[3] Crim. R. 57(B) provides:

"If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."

*State, ex rel. Cline,* v. *Indus. Comm.* (1939), 136 Ohio St. 33, 35; 24 Ohio Jurisprudence 2d 524, Forfeitures, Section 4; 37 Corpus Juris Secundum 8-9, Forfeitures, Section 4. This accords with the general principle that statutes imposing restrictions upon the use of private property, in derogation of private property rights, must be strictly construed. See *Saunders* v. *Zoning Dept.* (1981), 66 Ohio St. 2d 259, 261; *Perkins* v. *Hattery* (1958), 106 Ohio App. 361, 365. Whenever possible, such statutes must be construed so as to avoid a forfeiture of property. *State, ex rel. Jones,* v. *Board* (1915), 93 Ohio St. 14, 16. No forfeiture may be ordered unless the expression of the law is clear and the intent of the legislature manifest. See *Lessee of Bond* v. *Swearingen* (1824), 1 Ohio 395, 404; 37 Corpus Juris Secundum 11, Forfeitures, Section 5.

Applying division (C) of R. C. 2933.41 to the facts in this case results in a determination that the loss of defendant's right to possession is improper. Division (C) is divided into two paragraphs which are separated by a semicolon. Strictly construing the statute against the state and in favor of the defendant, and requiring the clearest expression of legislative intent to order a loss of right to possession, we conclude that the two paragraphs must be read together as a two-part test for determining whether loss of right to possession is appropriate. Not only must the property be used by the offender in the commission of an offense, it also must be unlawful for the offender to possess the property, in light of its nature or the circumstances of the offender. Applying this two-part test to the instant case, we conclude that neither requirement is fulfilled.

First, the property must be used by an offender "in the commission, of an offense other than a traffic offense." R. C. 2913.51(A), the crime for which defendant was convicted, provided in pertinent part: "No person shall receive, retain or dispose of property of another, knowing or having reasonable cause to believe it has been obtained through commission of a theft offense." The "commission of" the offense is complete upon receiving property with reasonable cause to believe it is stolen. The evidence presented at a suppression hearing showed defendant paid an unidentified person for the stolen property in the Duke's Inn bar. Later, defendant gained physical possession of the stolen property in the truck stop parking lot,

when the unidentified seller transferred the property from his truck to defendant's van. However, physical possession is not a prerequisite to receiving. Possession may be constructive. *State* v. *Wolery* (1976), 46 Ohio St. 2d 316, 329, and cases cited therein. "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *Id.* We conclude that defendant "received" the stolen property when he paid for it in the Duke's Inn bar. The "commission of the offense" occurred at a point prior to the time the property was placed in the van. *Cf. United States* v. *Lane Motor Co.* (1953), 344 U. S. 630. The subsequent use of his vehicle to transport the stolen goods does not make the van subject to a loss of defendant's right to possession under R. C. 2933.41(C), since the offense was complete upon constructive possession of the stolen goods before their placement in his van.

The second aspect of the two-part test provided in R. C. 2933.41(C) requires that possession of the property be unlawful, either from the nature of the property or the circumstances of the person. We find nothing in the nature of the van to deem it unlawful for defendant to possess it. It was not customized in any way to facilitate concealment of property. Nor does defendant's conviction for receiving stolen property render him unfit to own such a vehicle. Defendant's wife testified at the forfeiture hearing concerning her plan to sell the van to satisfy various debts incurred. Given this circumstance, we conclude that defendant retains his equitable and legal rights to possession and title of his vehicle.

Division (D) of R. C. 2933.41 governs disposition of property subject to forfeiture due to its inherent nature, such as drugs, obscene materials, firearms and dangerous ordnance, as well as intoxicating liquor taken from a person not the holder of a permit issued under R. C. Chapters 4301 and 4303. In setting forth various items of evidence which may be ordered forfeited or destroyed, division (D) does not include any category of property broad enough to include defendant's vehicle. See *Ryals* v. *Collins* (1975), 46 Ohio Misc. 25, 26-27. Therefore division (D) cannot apply to defendant's vehicle.

There is a clear distinction between property declared

unlawful and a public nuisance by statute, and that which is lawful in its ordinary and proper use, but which becomes subject to forfeiture when used in an unlawful manner, following a determination to that effect in a court of competent jurisdiction. *Grieb* v. *Dept. of Liquor Control* (1950), 153 Ohio St. 77, 81. Summary seizure of property declared a nuisance *per se,* when authorized by statute, is valid, even without prior judicial inquiry. *Lindsay* v. *Cincinnati* (1961), 172 Ohio St. 137, 139. However, forfeiture sought for property used in an unlawful manner, but not in itself unlawful, must comply with the constitutional principle of due process of law. See *Fuentes* v. *Shevin* (1972), 407 U. S. 67.

In this case, an adversary hearing, fully briefed by both sides, was held in the disposition proceedings. While not specifically required by any language in the statute, such a hearing, complying with the Rules of Civil Procedure, is constitutionally mandated, and therefore implicit in the statute. See *State, ex rel. Ewing,* v. *Without a Stitch* (1971), 28 Ohio App. 2d 107, 122. (Clifford F. Brown, J., concurring in part and dissenting in part.)

Despite the use of a full adversary hearing, however, loss of possession under this case would unconstitutionally deprive defendant of his right to due process of law. In order for a property disposition statute to be constitutional in its application it must be rationally related to a legitimate state concern, such as deterring criminal activity. It cannot be exercised in an arbitrary, discriminatory, capricious or unreasonable manner. *Sensenbrenner* v. *Crosby* (1974), 37 Ohio St. 2d 43, 44; *Lindsay* v. *Cincinnati, supra,* at 141; *Grieb* v. *Dept. of Liquor Control, supra,* at pages 81-82; *Cincinnati* v. *Correll* (1943), 141 Ohio St. 535, paragraph one of the syllabus; *Findlay* v. *Assoc. Investment Co.* (1926), 115 Ohio St. 235; *State* v. *French* (1905), 71 Ohio St. 186. In this case, we find no relation between the loss of right to possession of the vehicle and any legitimate state interest. Moreover the precedent of authorizing a loss of possession here would subject numerous defendants to arbitrary confiscatory acts. To permit the law enforcement authorities to transfer possession of the van to the county commissioners would be an unconstitutional taking and disposition of private property without due process of law, and without

compensation, in violation of Sections 16 and 19, Article I of the Constitution of Ohio, and Section I of the Fourteenth Amendment to the Constitution of the United States. *Grieb* v. *Dept. of Liquor Control, supra,* at 82.

Accordingly, the Court of Appeals acted properly by vacating the forfeiture of the van and restoring possession to the defendant. The statute at issue here is applicable only in very limited circumstances. This is not such a case.

The judgment of the Court of Appeals in this respect is affirmed.

*Judgment affirmed.*

SWEENEY, ACTING C. J., STEPHENSON, HOLMES and KRUPANSKY, JJ., concur.

VICTOR and LOCHER, JJ., concur in the judgment.

STEPHENSON, J., of the Fourth Appellate District, sitting for CELEBREZZE, C. J.

VICTOR, J., of the Ninth Appellate District, sitting for W. BROWN, J.