THE STATE OF OHIO, APPELLEE, *v.* ABBOUD, APPELLANT.

(No. 49285—Decided August 12, 1985.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*James R. Willis,* for appellant.

NAHRA, J. This is an appeal from the court of common pleas' denial of a motion to return property which had been seized as evidence. The following facts give rise to this appeal.

Malek Abboud, appellant, was arrested on two charges of carrying concealed weapons. At the time of his arrest, the police seized two guns as evidence. On April 9, 1984, a jury verdict was returned finding him not guilty; on April 20, 1984, appellant moved for return of the guns. On June 5, 1984, before the court ruled on his motion to return the property, he was indicted for intimidation stemming from alleged threats he made to the prosecutor at the time of his acquittal. On August 31, 1984, the trial court ruled that the guns should be destroyed because the intervening indictment for intimidation[1] created a disability and that this status required the guns to be destroyed pursuant to former R.C. 2933.28. The court stayed this order pending appeal. This appeal was timely filed.

Appellant's one assignment of error is that:

"The court erred in ordering the forfeiture to the state and the destruction of non-contraband property originally seized as evidence in a criminal case."

Appellant argues that the court erred by ordering the prosecutor to retain the weapons and destroy them.

The trial court held that the weapons must be retained and destroyed pursuant to R.C. 2933.28, which provided in pertinent part:

"If the accused is discharged by the judge or magistrate the property or other things seized under a search warrant shall be returned to the person in whose possession they were found, *unless the possession of such articles is in itself* an offense, in which *case they shall be destroyed.* * * *"" (Emphasis added.)

The court reasoned that the possession of a weapon by appellant would be a crime under R.C. 2923.13[2] because, at

---

[1] A jury acquitted appellant of the intimidation charge on March 8, 1985.

[2] R.C. 2923.13, having weapons while under disability, provides in pertinent part:

"(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire,

the time of the ruling, he was under indictment for intimidation, an offense of violence.

We hold that the trial court misinterpreted R.C. 2933.28 by applying it to noncontraband property. This interpretation, which resulted in the permanent deprivation of property based solely on an indictment, was not intended or required. We reverse.

Initially, we point out that the disposition of seized property is also regulated by R.C. 2933.41. The overlap between these two statutes has been eliminated by the General Assembly's revision of R.C. 2933.41 and the explicit repeal of R.C. 2933.28.

Our decision that R.C. 2933.28 applied only to contraband is based on a comparison of the language used in the competing statutory provisions. R.C. 2933.28 provided that seized property shall be returned unless "possession of *such articles* is in itself an offense, in which case they shall be destroyed." This provision requires the destruction of the class of property which would be illegal for anyone to possess, *i.e.,* contraband. In contrast, the competing provision of R.C. 2933.41(C) provided:

"(C) A person loses any right he may have to possession of property:

"(1) That was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and such person is a conspirator, accomplice, or offender with respect to the offense;

"(2) When, in light of the nature of the property *or the circumstances of such person,* it is unlawful for him to acquire or possess it." (Emphasis added.)

This provision expressly compre-

hends the situation where it is unlawful to return noncontraband property to an individual because of his circumstances (legal disabilities).

This statute provides for a forfeiture of property and thus must be strictly construed because forfeitures are not favored in law or equity. *State, ex rel. Lukens,* v. *Indus. Comm.* (1944), 143 Ohio St. 609, 611 [28 O.O. 506]; *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23, 25-26 [24 O.O.3d 64]. The extension of R.C. 2933.28 to include noncontraband property is not required by its plain language or by implication. The trial court erred by so extending it.

The version of R.C. 2933.41(C) in effect at the time of the trial court's ruling has been interpreted by the Supreme Court to require a two-step analysis before the movant may be deprived of his property:

"Applying division (C) of R.C. 2933.41 to the facts in this case results in a determination that the loss of defendant's right to possession is improper. Division (C) is divided into two paragraphs which are separated by a semicolon. Strictly construing the statute against the state and in favor of the defendant, and requiring the clearest expression of legislative intent to order a loss of right to possession, we conclude that the two paragraphs must be read together as a two-part test for determining whether loss of right to possession is appropriate. Not only must the property be used by the offender in the commission of an offense, it also must be unlawful for the offender to possess the property, in light of its nature or the circumstances of the offender. * * *" *State* v. *Lilliock, supra,* at 26.[3]

---

have, carry or use any firearm or dangerous ordnance, if any of the following apply:
"* * *

"(2) Such person is under indictment for or has been convicted of any felony of violence, or has been adjudged a juvenile

delinquent for commission of any such felony * * *."

[3] This result may have been altered by the revision of this statute. The revision does not affect this case because it did not become effective until March 28, 1985.

The state failed to show that the weapons were used in the commission of a crime; therefore, the court erred by not ordering them returned.

The judgment of the trial court is reversed.

*Judgment reversed.*

PARRINO, P.J., concurs.

PRYATEL, J., dissents.

PRYATEL, J., dissenting. Appellant's motion for the return of the guns was made pursuant to R.C. 2933.28. The majority based its decision to reverse on the fact that R.C. 2933.28 was misinterpreted to apply to "noncontraband" property.

I would hold that R.C. 2933.28 is inapplicable to the facts in this case. R.C. 2933.28 specifically provided that "property * * * *seized under a search warrant* shall be returned to the person in whose possession they were found, unless the possession of such articles is in itself an offense, in which case they shall be destroyed. * * *" (Emphasis added.)

In the case at bar, there is no evidence or claim that the guns were seized under a search warrant. Indeed, the pretrial motions to suppress were premised on the fact that a *warrantless search* of appellant's van was conducted on private premises and that it netted one gun in plain view and a second gun concealed in a purse. (Both guns were loaded, according to the indictment.)

R.C. 2923.13 states, in relevant part:

"(A)  * * * [N]o person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
"* * *
"(2)  Such person is *under indictment* for or has been convicted of any felony of violence, * * *." (Emphasis added.)

(It is undisputed that the crime of intimidation is a felony of violence.) To invoke this section, an indictment (and not a conviction) is sufficient to satisfy the requirements of the law.

R.C. 2933.41(C) provided that:

"A person loses any right he may have to possession of property:

"(1)  That was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and such person is a conspirator, accomplice, or offender with respect to the offense;

"(2)  When, in light of the nature of the property or the circumstances of such person, it is *unlawful for him* to acquire or possess it."

The majority relies on the decision of *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23 [24 O.O.3d 64], for the proposition that forfeiture of property can only be ordered if R.C. 2933.41(C)(1) and (2) are proven; and, since the state failed to prove that the weapons were used by appellant in the commission of an offense (R.C. 2933.41[C][1]), the majority concludes that the court erred in ordering the guns destroyed.

In my opinion, the *Lilliock* decision does not preclude the lower court from ordering appellant's guns destroyed. In *Lilliock,* the offense of receiving stolen property was committed at a point prior to the time the property was placed in defendant's van. Since the van (which had been seized and impounded by the police) was neither (1) used in the commission of the offense, nor (2) unlawfully in the defendant's possession, the court refused to apply R.C. 2933.41(C).

The instant case involves a scenario quite different than that presented in *Lilliock.* Here, not only was appellant indicted for the crime of intimidation, but the property at issue (two loaded guns) is, in and of itself, inherently dangerous (as compared to a van).

Moreover, under R.C. 2933.41(C) the offender *used* the guns (the subject) in the attempt to commit the offense of

carrying concealed weapons ("other than a traffic offense").

In light of the "nature of the property" (two loaded guns) or the "circumstances of such person" (indicted for intimidation), it was improper for him to acquire or possess them. I would not return the two loaded guns to appellant who was under indictment for a felony of violence (intimidation).

I would affirm.