THE STATE OF OHIO *v.* CONROY.

(No. 88 CRB 2366 — Decided December 21, 1988.)

Marion Municipal Court.

*Brent A. Rowland,* assistant prosecutor, for the state.

*Kenneth J. Rudy,* for defendant.

RICHARD M. ROGERS, J. This matter came before the court for consideration of defendant's motion for an order to return firearms held by the State Highway Patrol. The defendant, Joseph A. Conroy, was charged in the Marion Municipal Court with the offense of improperly handling firearms in a motor vehicle pursuant to R.C. 2923.16(C). The State Highway Patrol has in its possession two firearms, to wit: a .38-caliber revolver and a .25-caliber pistol, which were the subject of said charge. On October 20, 1988, the defendant appeared in open court with his attorney and entered a plea of no contest to the charge. The plea was accepted; a finding of guilty was entered, and the defendant was sentenced accordingly. Thereafter, on October 26, 1988, the defendant filed the current motion requesting the court to order a return of the two firearms that were the subject of the offense.

At issue is R.C. 2933.41(C), which currently reads as follows:

"A person loses any right he may have to the possession of property if either of the following apply:

"(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and such person is a conspirator, accomplice, or offender with respect to the offense;

"(2) When a court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of such person, it is unlawful for the person to acquire or possess the property."

In support of his request for return of the property, the defendant cites *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23, 24 O.O. 3d 64, 434 N.E. 2d 723. *Lilliock* indicates that R.C. 2933.41 (C)(1) and (2) must be read together as a two-part test to determine whether the subject property has been forfeited. Defendant also cites *Garono* v. *State* (1988), 37 Ohio St. 3d 171, 524 N.E. 2d 496, and argues that *Garono* is a recent reaffirmation of the *Lilliock* two-prong test.

However, both cases cited by the defendant were based on the statute as it read prior to March 28, 1985. Before the amendment, the first sentence of R.C. 2933.41(C) read as follows: "A person loses any right he may have to possession of property." The amendment of this statute by the legislature in March 1985 added the key language "if *either* of the following apply" (emphasis added) (see 140 Ohio Laws, Part II, 4284, 4290). By the addition of this language, the legislature obviously intended to change the effect of the statute, removing the two-prong test

defined by *Lilliock*. Substituted in its place are two separate tests either of which if satisfied effects the forfeiture of property. R.C. 2933.41 has been amended several times since March 1985, but the language removing the two-prong test has been retained in each amendment.

The court, therefore, finds that the .38-caliber revolver and .25-caliber pistol seized by the State Highway Patrol were the subject of an offense other than a traffic offense, that the defendant is an offender with respect to that offense and that, therefore, the two firearms are forfeited and the motion for return of said firearms must be denied.

*Motion denied and property forfeited.*