This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Carol Hensley has appealed from a judgment of the Lorain County Court of Common Pleas that ordered Appellant to forfeit to the state the value of a vehicle she sold. This Court reverses.
 I
Pursuant to a search warrant, members of the Amherst Police Department seized numerous items of property from Appellant's home. Among the items seized was a certificate of title to a 1988 Cadillac; the vehicle, however, remained in Appellant's possession. The search warrant did not specify either automobiles or automobile titles among the items of property police were seeking. Nor did the inventory of seized items prepared when the search was completed include automobiles or automobile titles. The title to the Cadillac was apparently seized as one of several "miscellaneous papers" listed in the inventory.
Based on the results of the search and other evidence acquired by police, the state obtained an indictment from the Lorain County Grand Jury. The indictment charged Appellant with one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, and two counts of possession of criminal tools in violation of R.C. 2923.24. The indictment did not list either automobiles or automobile titles among the property alleged to have been used during the commission of the offenses charged.
While the indictment against Appellant was pending, Appellant applied for a duplicate title to the Cadillac, claiming that the original — which was still in possession of the Amherst police had been lost. Appellant obtained the duplicate title, and subsequently sold the automobile. The state was unaware of Appellant's acquisition of a new title and sale of the vehicle.
In December 2000, Appellant entered a plea of no contest to the charges of the indictment. The trial court sentenced Appellant to a community control sanction of five years, imposed fines and costs in the amount of $3,200, and ordered that she perform one hundred-fifty hours of community service. The court did not order the forfeiture of any property by Appellant.
In September 2001, the state filed a motion requesting the trial court to find that Appellant had violated the terms of her community control sanction, and to re-sentence Appellant to a prison term. The basis for the state's motion was that Appellant had committed a crime by falsifying the application for the duplicate title by claiming the original had been lost, when she knew that it had been seized by the police. The state subsequently filed a second, alternative motion requesting the trial court to vacate Appellant's sentence. The state's second motion argued that Appellant fraudulently misrepresented to the court at sentencing that she had complied with the terms of her supervised release, when in fact she had committed the crime of falsifying her application for a duplicate title.
The trial court held a hearing on the state's motions, at which the state presented the testimony of Amherst Police Officer James McCann. Officer McCann testified that he was one of the officers who executed the search warrant, and that he orally told Appellant on the day of the warrant's execution that the police were taking the automobile title.
The trial court found that Appellant knew that the original title was in the possession of the police, based on Officer McCann's testimony, and that she therefore falsified the application for a new title. The court determined, however, that Appellant's falsification did not rise to a level that required the court to vacate its sentence of community control and re-sentence Appellant. Nevertheless, the trial court stated that it "feel[s] that this violation cannot go unpunished." The court therefore ordered that Appellant forfeit to the state the value of the automobile she sold. Appellant has timely appealed from this order, asserting one assignment of error.
 II Assignment of Error "The trial court erred, and to the prejudice of [Appellant], by ordering her to forfeit her automobile or to pay its value in cash to the state of Ohio, when the court lacked jurisdiction to order the forfeiture."
In her sole assignment of error, Appellant has argued that the trial court erred in ordering her to forfeit to the state the value of the automobile, because the trial court lacked jurisdiction to order the forfeiture. Appellant has contended that the trial court did not follow any statutory procedure in ordering the forfeiture, and therefore exceeded the bounds of its authority in entering the order.
Appellant's challenge to the trial court's authority to order her to forfeit the value of the automobile presents a question of law, which this Court reviews de novo. Wiltberger v. Davis (1996), 110 Ohio Ap.3d 46, 51-52.
It is well settled that the forfeiture of private property is not favored in the law. State v. Hill (1994), 70 Ohio St.3d 25, 31. A forfeiture may only be ordered where the "expression of the law is clear and the intent of the legislature manifest." State v. Lilliock (1982),70 Ohio St.2d 23, 26.
In the instant case, the trial court did not follow any statutory procedure in ordering the forfeiture of the value of Appellant's vehicle. Rather, the court ordered the forfeiture as punishment for what the court determined to be Appellant's dishonesty in obtaining the duplicate title to the vehicle. However, Appellant's criminal liability for falsifying the application was not before the court. Appellant had already been charged with falsification based on her application for a duplicate title in a separate case pending in municipal court.
The state's motions requested that the community control sentence imposed on Appellant be vacated, and that Appellant be re-sentenced; the state did not request forfeiture of any property by Appellant. The state's first motion requested the trial court to find that Appellant had violated her community control sanction by committing the crime of falsifying the application for a duplicate title. As Appellant pointed out at the hearing, however, Appellant applied for and obtained the duplicate title before the sentence of community control had been imposed. Appellant could not have violated her community control sanction by an act of falsification that occurred prior to the court's imposition of the sanction.
The state's alternative motion requested the court to find that Appellant misrepresented to the court at the time of her sentencing that she had complied with the terms of her supervised release, when she knew that she had committed the offense of falsification while her indictment was pending. The state's motion requested the trial court to vacate Appellant's sentence of community control based on this alleged misrepresentation, and re-sentence Appellant in light of the falsification.
The trial court declined to vacate Appellant's sentence on either ground. Instead, the trial court determined that Appellant had falsified the application for a duplicate title, and ordered that Appellant forfeit to the state the value of the automobile. On appeal, the state has argued that Appellant agreed to forfeit the automobile as part of her plea agreement. However, the trial court made no finding as to whether a plea agreement was ever made, or that Appellant violated any plea agreement. The forfeiture ordered by the trial court was not based on any violation of a plea agreement, but on the court's determination that Appellant falsified her application for a duplicate title, and that Appellant's conduct "cannot go unpunished." Appellant's liability for the falsification, however, was already the subject of an indictment pending in the municipal court.
The trial court was without authority to order Appellant to forfeit the value of the automobile. Appellant's assignment of error is well taken.
 III
Appellant's sole assignment of error is sustained. The judgment of the trial court is reversed.
SLABY, P.J. CONCURS