OPINION
{¶ 1} Appellant Theophilus Niles appeals a judgment of the Muskingum County Common Pleas Court convicting him of possession of cocaine and possession of marijuana, and ordering the forfeiture of three vehicles, a firearm, electric digital scales, a safe, and over $500 in cash:
 {¶ 2} "The trial court committed harmful error in alloiwng irrelvant and othewise inadmissible evidence of other bad acts to reach the jury.
 {¶ 3} "The failure of trial counsel to enter timely and proper objections to the admission of improper evidence and inferences denied the defendant-appellant the effective assistance of trial counsel.
 {¶ 4} "The conviction of the defendant-appellant is based upon improper inference stacking and cannot stand
 {¶ 5} "The trial court committed harmful error in ordering the forfeiture of the defendant-appellant's property pursuant to the specification attached to the indictment."
 {¶ 6} Appellant is originally from San Pedro, California, in the vicinity of Los Angeles. In late 2000, he came to Zanesville. Appellant had several female acquaintances in Zanesville, including Nicole Sturkey and Tuesday Perry. For several months prior to June 29, 2002, appellant had Nicole Sturkey and Tuesday Perry receive packages on his behalf. Tuesday did not know what was in the packages, and appellant was always present when they arrived, or shortly thereafter. The packages arrived from California, and Tuesday Perry did not know anyone in California.
 {¶ 7} On June 27, 2002, the United States Postal Service discovered a suspicious package being sent from Los Angeles to Carre Williams, at 803 ½ Locust Avenue, Zanesville. Inspector Don Simmons received the package. He obtained a search warrant from a United States Magistrate for the U.S. District Court, Southern District of Ohio. Upon opening the package, the postal inspector found a large quantity of cocaine and marijuana. The inspector contacted local authorities, and arrangements were made for a controlled delivery.
 {¶ 8} The package was mailed from a person named Jennifer Smith, who Tuesday Perry did not know. Carre Williams, the person to whom the package was addressed, did not live at the residence at 803 ½ Locust Avenue. Rather, this address is the residence of Tuesday Perry. Appellant had been seen with Ms. Smith on several occasions in San Pedro, and she had been the subject of a California investigation concerning a package mailed to the Locust Avenue address in Zanesville. An Ohio identification card and a California birth certificate in the name of Jennifer Smith were found in appellant's Zanesville apartment. The address on the identification card was 803 ½ Locust Avenue, Zanesville.
 {¶ 9} On June 29, 2002, the package was forwarded to the intended destination under police surveillance. The package had been re-sealed with an alarm designed to alert law enforcement when it was opened. Detective Matt Lutz of the Muskingum County Sheriff's Department saw appellant drive a white 1989 Chevy Beretta around the Locust Avenue address several times. Finally, appellant parked the vehicle and entered the residence.
 {¶ 10} Inspector Simmons delivered the package. Tuesday Perry received and signed for the package. Before the package arrived, appellant called Tuesday and told her to get up and receive and sign for a package. Appellant came to Tuesday's apartment after he called to receive the package. The package smelled like marijuana. Tuesday told appellant that she was not going to bring the package up to the apartment, but appellant advised her to do so. Appellant opened the package and set off the alarm. Soon thereafter, the special response unit rushed into the residence and placed appellant and Tuesday Perry under arrest.
 {¶ 11} Appellant was indicted by the Muskingum County Grand Jury on one count of possession of cocaine and one count of possession of marijuana, with a major drug offender specification. Attached to each count was a specification seeking forfeiture of property alleged to have been either proceeds of a felony drug offense or used to facilitate a drug offense. Prior to jury trial, the major drug offender specification was dismissed on the motion of the State. The case proceeded to trial, and appellant was convicted on both charges.
 {¶ 12} Following a sentencing hearing, the court imposed a sentence of eight years incarceration on the charge of possession of cocaine, and three years incarceration on the charge of possession of marijuana, to be served concurrently. The court granted the forfeiture request of the State of Ohio and ordered all property specified therein to be forfeited.
 I {¶ 13} Appellant argues that the court erred in admitting evidence of other bad acts. Appellant concedes that much of the evidence he did not object to.
 {¶ 14} Evid. R. 404(B) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith, but may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake.
 {¶ 15} Appellant argues that the court erred in admitting evidence of his practice of Tuesday Perry receiving packages on his behalf, and evidence of him sending money in packages to California.
 {¶ 16} Appellant placed his identity as the recipient or possessor of the package in question at issue, as it was not addressed to him, and was received by Tuesday Perry. Following appellant's motion in limine, the court specifically instructed the State that as receiving a package in the mail is not in and of itself a bad act, evidence concerning appellant's use of Tuesday Perry and others to receive and send packages would be admissible, but the court would not allow testimony concerning the contents of these other packages, if such contents were illegal. None of the other acts evidence concerning the receipt of packages in other names constituted illegal acts or bad acts, and did not show a pattern of illegal activity. None of the other acts constituted conduct that could be charged as a crime, or "bad acts" as contemplated by Evid. R. 404(B). The evidence that appellant received packages through other people, including Tuesday Perry, in the past, was admissible to show his identity as the recipient of the package, and his preparation or plan that the package be sent to Tuesday Perry rather than to appellant.
 {¶ 17} Appellant also argues that the court improperly admitted evidence that he was the subject of an investigation by California authorities. Officer Mike Mastick, a California police officer, testified that Jennifer Smith was the target of an investigation. He did not testify that appellant was the target of an investigation. He testified that appellant had been observed dozens of times in Jennifer Smith's company. The evidence was admitted not to show other bad acts by appellant, but rather to demonstrate that appellant knew Jennifer Smith, the sender of the package, in order to connect the package to appellant.
 {¶ 18} The first assignment of error is overruled.
 II {¶ 19} Appellant argues that counsel was ineffective for failing to object to bad acts evidence, as stated in his first assignment of error. Counsel is ineffective if his performance fell below an objective standard of reasonable representation, and he was prejudiced by such performance. Strickland v.Washington (1984), 466 U.S. 668, State v. Bradley (1989),42 Ohio St.3d 136. To demonstrate prejudice, the defendant must show that but for counsel's errors, the result of the proceeding would have been different. Id.
 {¶ 20} As noted in Assignment of Error I, the court did not err in admitting the evidence which appellant claims counsel should have objected to. Therefore, appellant cannot demonstrate prejudice from counsel's failure to object to this testimony.
 {¶ 21} The second assignment of error is overruled.
 III {¶ 22} Appellant argues that his conviction was improperly based upon stacking of inferences. Appellant argues that from evidence of appellant sending money to a contact involved in illegal activity in California, it can be inferred that appellant was sending money to pay for drugs. Appellant then argues that therefore it can be inferred that the package mailed from California was intended for appellant, and not for Tuesday Perry, and thus appellant possessed the marijuana and cocaine. Appellant argues that the second inference, that the package from California was intended for appellant, is not permitted, as it stacked on the inference that he had been sending money to California for drugs.
 {¶ 23} A second inference may be drawn upon a previous inference if the second inference is based at least in part on additional facts or inferences drawn from other facts; the rule against stacking of inferences is limited only to inferences drawn exclusively from other inferences. State v. Cooper,147 Ohio App.3d 116, 2002-Ohio-617. When a jury bases its verdict partly on a reasonable inference drawn from facts in evidence, and partly on an inference drawn from both those same facts and from common human experience, the verdict is not the result of impermissible stacking of an inference upon an inference. Statev. Jacks (1989), 63 Ohio App.3d 200, 206.
 {¶ 24} The inference that the package from California was intended for appellant is not drawn solely from the evidence that appellant had sent money to California, and the related inference that the money was for the drugs received in the package from California. There was evidence that appellant was originally from California, and that appellant had been in the company of Jennifer Smith, the sender of the package, on numerous occasions in California. Further, there was evidence presented that an Ohio State Identification Card, with an address of 803 ½ Locust Avenue, and a California birth certificate, both issued in the name of Jennifer Smith, were found in appellant's apartment. Tuesday Perry testified that before the package arrived, appellant called her and told her to get up and sign for the package. Appellant then came over to the apartment in order to open the package. The inference concerning the identity of the intended recipient of the package was a parallel inference based in part on previous inferences, and in part on additional facts and evidence. The conviction was therefore not based on impermissible stacking of inferences.
 {¶ 25} The third assignment of error is overruled.
 IV {¶ 26} In his final assignment of error, appellant argues that the court erred in ordering the forfeiture of the items specified in the forfeiture specification in the indictment. The property included a 1989 Chevrolet Berretta, a 1987 Chevrolet Monte Carlo, a 1996 Ford Bronco, a .22 caliber revolver, a digital scale, a fireproof safe, and $517.80 in U.S. currency.
 {¶ 27} Pursuant to R.C. 2925.42 (A)(1), a person who is convicted of a felony drug abuse offense loses the right to possession of property which constitutes, or is derived directly or indirectly from the commission of a felony drug abuse offense, or was used or intended to be used in any manner to commit or facilitate the commission of the felony drug offense. The law does not favor forfeiture. State v. Lilliock (1982),70 Ohio St.2d 23, 25. Prior to entering an order of forfeiture, the court must make a determination as to whether forfeiture of the property is an excessive fine, prohibited by the Constitution.State v. Hill (1994), 70 Ohio St.3d 25, 1994-Ohio-12.
 {¶ 28} As to the revolver, appellant had prior convictions, and thus was in possession of the revolver under a disability. As to the scales, safe, and cash, the evidence reflected that appellant was in possession of 991.52 grams of cocaine and 2492.82 grams of marijuana. This large amount of drugs would suggest that appellant sold drugs for money, and was not merely using them for his personal use. The scales, safe, and large quantity of cash found in the apartment are consistent with items used in the sale of drugs, and the court did not err in concluding that these items were subject to forfeiture.
 {¶ 29} As to the Chevrolet Berretta, the only connection to a criminal offense is that appellant drove the vehicle to Tuesday Perry's house when he came to open the package. There is no evidence that appellant used the car to transport drugs, or had placed the drugs in the vehicle at any time. As to the other two vehicles, the only connection of the offense is that they were titled in appellant's name. The State attempts to argue that appellant was not employed, and therefore the inference is that appellant purchased all the vehicles with drug sale proceeds. Nicole Sturkey, appellant's former girlfriend, testified that he was never employed when they lived together, but paid for hotels and for dinners. This evidence is insufficient to connect the vehicles to proceeds derived from drug trafficking. The court erred in ordering the forfeiture of all three vehicles, as the evidence does not establish that they were used to facilitate a drug offense or purchased with drug proceeds.
 {¶ 30} The assignment of error is sustained as to the 1989 Chevrolet Berretta, the 1987 Chevrolet Monte Carlo, and the 1996 Ford Bronco.
 {¶ 31} The assignment of error is overruled in regard to the other items found in appellant's apartment.
 {¶ 32} The judgment of conviction and sentence of the Muskingum County Common Pleas Court is affirmed. The judgment of forfeiture is vacated as to the forfeiture of the 1989 Chevrolet Berretta, the 1987 Chevrolet Monte Carlo, and 1996 Ford Bronco. The judgment of forfeiture is affirmed as to all other items.
By Gwin, P.J. and Farmer, J., concurs, Edwards, J., concurs in part; dissents in part.