OPINION
{¶ 1} Appellant, Betty L. Carroll, appeals from a June 7, 2006 judgment of the Portage County Court of Common Pleas, granting the motion for summary judgment of appellee, Victor V. Vigluicci, Portage County Prosecutor.
 {¶ 2} Because the trial court correctly determined that it did not have jurisdiction to hear appellant's foreclosure action, and because appellant's constitutional claims *Page 2 
are not ripe for review as appellant has not exhausted the remedies afforded to her by R.C. 2925.42, we affirm.
 {¶ 3} Procedural Facts
 {¶ 4} On March 3, 2006, in Case No. 2006 CV 242, the state of Ohio, through appellee, filed an action against defendant, Martin W. Carroll, to abate the nuisance of felony drug activities located at 10478 Hopkins Road, in Nelson Township, Portage County, Ohio ("the property"), as well as a motion for temporary restraining order and preliminary and permanent injunction. The trial court granted the temporary restraining order the same day, finding that the property was dangerous and harmful to the health and safety of the community and was a nuisance pursuant to R.C. 3719.10 and 2925.13(F). The trial court further ordered that the property be padlocked and not be used for any purpose. On March 23, 2006, the trial court granted a preliminary injunction to continue the operative terms of the temporary restraining order.
 {¶ 5} On March 9, 2006, in Case No. 2006 CR 00089, defendant was indicted by the Portage County Grand Jury on multiple counts of felony drug trafficking, complicity to trafficking in cocaine, and permitting drug abuse. The indictment specified that the violations occurred between January 27 and February 28, 2006, and contained criminal forfeiture specifications for the property pursuant to R.C. 2925.42.
 {¶ 6} On March 21, 2006, appellant, defendant's mother, recorded a mortgage against the property. On April 3, 2006, in Case No. 2006 CV 0374 (the case underlying this appeal) she filed a "Complaint on Promissory Note and in Foreclosure" in the Portage County Court of Common Pleas against defendant and appellee. Appellant alleged, inter alia, that on November 14, 2001, defendant had executed a promissory note to her, in the amount of $60,000, and had given her a mortgage on the *Page 3 
property to secure the note. Appellant stated that defendant failed to make the payments due on the mortgage and that the amount of $60,000, plus interest, was immediately due to her.
 {¶ 7} On May 3, 2006, appellee filed a motion to dismiss appellant's foreclosure action against the state, or in the alternative, a motion for summary judgment. The crux of appellee's argument was that pursuant to R.C. 2925.42(F)(1), appellant was prohibited from filing a civil foreclosure action against the state subsequent to the filing of a criminal indictment, which alleges that the property is subject to forfeiture. Appellee maintained that it was necessary for appellant to wait to file her claim in the criminal forfeiture hearing when that time arose.[1] The trial court set the matter for non-oral hearing on May 30, 2006.
 {¶ 8} On May 18, 2006, appellant moved the trial court for default judgment against defendant. On May 22, 2006, appellant filed her response to appellee's motion for dismissal or summary judgment, maintaining, as she does in this appeal, that R.C. 2925.42(F) violated her due process and equal protection rights, and that it impaired her right to contract.
 {¶ 9} On May 23, 2006, the trial court granted default judgment to appellant for the amount of $60,000, but held it in abeyance pending a decision on appellee's motion to dismiss or summary judgment. *Page 4 
 {¶ 10} On June 7, 2006, the trial court granted appellee summary judgment on appellant's claims. Appellant filed this timely appeal, raising the following three assignments of error:
 {¶ 11} "[1.] [R.C.] 2925.42 deprives appellant of due process as well as her right of private property guaranteed by the United States and Ohio Constitution.
 {¶ 12} "[2.] [R.C.] 2925.42 deprives appellant of equal protection of the law guaranteed by the United States and Ohio Constitution.
 {¶ 13} "[3.] [R.C.] 2925.42 impairs appellants [sic] contract (note mortgage) with her son in violation of the United States and Ohio Constitution."
 {¶ 14} We review a trial court's decision to grant summary judgment de novo. Lubrizol Corp. v. Lichtenberg Sons Constr., Inc. 11th Dist. No. 2004-L-179, 2005-Ohio-7050, at ¶ 26, citing Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Under the de novo standard of review, we conduct an independent review of the evidence without deference to the trial court's decision. Brown v. Cty. Commrs. of SciotoCounty (1993), 87 Ohio App.3d 704, 711. Pursuant to Civ.R. 56(C), summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made; that party being entitled to have the evidence construed most strongly in his or her favor. Id.
 {¶ 15} With this standard of review in mind, we now turn to appellant's arguments. Appellant's three assignments of error raise constitutional questions regarding R.C. 2925.42. At the outset, we note that "`no constitutional question is ripe for judicial review where the case can be disposed of upon other tenable grounds. The *Page 5 
rule has been elaborated upon in a long line of cases.'" In the Matterof Yurchison and Treese (1993), 11th Dist. No. 92-T-4655, 1993 Ohio App. LEXIS 3321, at 4-5, quoting Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, 105. Therefore, we must first determine if these assignments are ripe for review.
 {¶ 16} Remedies Provided by R.C. 2925.42
 {¶ 17} R.C. 2925.42 sets forth the procedures for forfeiture of property in connection with felony drug offenses. "The statute establishes that in certain instances a person who is convicted of a specific felony drug abuse offense forfeits all right, title and interest he or she may have in property if that property was an integral part of the specified illegal activity." (Emphasis sic.) State v.Hill (1994), 70 Ohio St.3d 25, 31. It was obviously enacted to combat various felony drug acts, acting not only as a penalty to those who choose to commit certain crimes, but also to dispossess a person of the means to commit further offenses. Id. at 32. It further assists the state in defraying expenses associated with the investigation and prosecution of those offenses. Id.
 {¶ 18} In Dept. of Liquor Control v. Sons of Italy Lodge (1992),65 Ohio St.3d 532, 534, the Supreme Court of Ohio stated:
 {¶ 19} "In construing a forfeiture statute the court must begin with a fundamental premise: Forfeitures are not favored by the law. The law requires that we favor individual property rights when interpreting forfeiture statutes. To that end, `statutes imposing restrictions upon the use of private property, in derogation of private property rights, must be strictly construed.' State v. Lilliock (1982), 70 Ohio St.2d 23,26 * * *."
 {¶ 20} When the state intends to seek forfeiture of private property, it must, in accordance with R.C. 2925.42(B)(1)(a), specify in the instrument charging the felony drug offense the nature of the right, title or interest the alleged offender has in the *Page 6 
property potentially subject to forfeiture. If the trial court in the underlying criminal action subsequently determines by a preponderance of the evidence that the property is subject to forfeiture, it must clearly state so in an entry. The sentencing court then orders the property's forfeiture under R.C. 2925.42(B)(5)(a).
 {¶ 21} With respect to possible innocent owners of the property subject to forfeiture, the statute sets forth procedures to protect their interests. R.C. 2925.42(F)(2) mandates that after the entry offorfeiture, the prosecuting attorney who prosecuted the felony drug abuse offense "shall conduct or cause to be conducted a search of the appropriate public records that relate to the property, and make or cause to be made reasonably diligent inquiries, for the purpose of identifying persons who have any right, title, or interest in the property."
 {¶ 22} Upon completion of the search, "[t]he prosecuting attorney then shall cause a notice of the order of forfeiture, of the prosecuting attorney's intent to dispose of the property * * * and of the manner of the proposed disposal, to be given to each person who is known * * * to have any right, title, or interest in the property, by certified mail, return receipt requested, or by personal service." Id. Furthermore, this provision also instructs the prosecuting attorney to "cause a similar notice to be published once a week for two consecutive weeks in a newspaper of general circulation in the county in which the property was seized." Id.
 {¶ 23} Once a person asserting an interest in the property receives notice from the prosecutor, he or she has thirty days to petition the court that issued the order for a hearing to adjudicate the validity of his or her alleged right, title, or interest in the property. R.C.2925.42(F)(3)(a). In the case of a secured party or other lienholder of *Page 7 
record, he or she, "[i]n lieu of filing a petition * * *, may file an affidavit * * * to establish the validity of the alleged right, title, or interest in the property." R.C. 2925.42(F)(3)(b).
 {¶ 24} However, under R.C. 2925.42, the General Assembly made it unequivocal that once an indictment against an alleged felony drug offender is filed, alleging that the property is subject to forfeiture, "no person claiming any right, title, or interest * * * may commence an action at law or equity against the state concerning the validity of the person's alleged right, title, or interest in the property * * *." R.C.2925.42(F)(1). Instead, an innocent property owner must follow the procedures set forth in the preceding synopsis of R.C. 2925.42(F)(2) and (3).
 {¶ 25} In the case sub judice, appellant filed her foreclosure action against defendant and the state on April 3, 2006, almost one monthafter the indictment against defendant was filed, alleging that the property was subject to forfeiture. The foreclosure action was prematurely filed and the trial court dismissed the action.
 {¶ 26} Appellant had a remedy under the statute to assert her alleged interest in the property. R.C. 2925.42(F)(2) and (3). If she asserted her alleged property interest in the forfeiture case, the trial court could have very well determined that she did have an interest in the property. If the trial court determined such, then she would not have an "injury" under R.C. 2925.42(F), which she seeks to be declared unconstitutional. Whether R.C. 2925.42(F) deprives one of his or her constitutional rights cannot be determined until he or she exhausts the remedies provided for in that statute.
 {¶ 27} Of course, if appellant did not receive proper notice of the forfeiture action or was in some other way deprived of her due process rights in that case, she had the right to bring a timely appeal from any final order in the forfeiture case to challenge the ruling of the trial court. See Taylor v. Toledo Ohio Police Dept. (Mar. 30, 2001), 6th *Page 8 
Dist. No. L-00-1376, 2001 Ohio App. LEXIS 1502, at 5; State ex rel.Jackson v. State (Jan. 27, 2000), 8th Dist. No. 77261, 2000 Ohio App. LEXIS 219, 2.
 {¶ 28} Likewise, if the trial court, after hearing evidence on the matter in the forfeiture case, found that she did not have an interest in the property, she would have the right to appeal that ruling. Until one of these injuries occurs, appellant has not suffered a cognizable injury where she would be in a position to question the constitutional validity of the provisions under R.C. 2925.42. Thus, her claims are not ripe for judicial review.
 {¶ 29} Thus, just as the trial court properly concluded that it could not address the issues before it, including the constitutional questions, we, too, cannot decide these matters. Appellant has failed to show any error that would require us to reverse the trial court's judgment.
 {¶ 30} As such, the judgment of the Portage County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J., concur.
[1] At the time of appellee's motion, defendant's criminal case was still pending. According to documents attached to appellee's motion, the trial court in Case No. 2006 CR 0089 accepted defendant's written pleas of guilty on May 8, 2006, to four counts of drug trafficking in cocaine with forfeiture specifications for the property and entered a nolle prosequi on the remaining counts. It further ordered that the matter be referred to the adult probation department for statutory investigation and written report. Thus, at the time of appellee's motion, defendant had not been sentenced yet, nor had there been a criminal forfeiture hearing. *Page 1