[Cite as *State v. Fawcett*, 2021-Ohio-1847.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 20 CA 000019 |
| KEVIN R. FAWCETT, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:             Criminal Appeal from the Court of Common
                                    Pleas, Case No.  18 CR 04-0125


JUDGMENT:                           Affirmed


DATE OF JUDGMENT ENTRY:             May 28, 2021


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHARLES T. McCONVILLE                     TODD W. BARSTOW
PROSECUTING ATTORNEY                      261 West Johnstown Road
117 East High Street, Suite 234           Suite 204
Mount Vernon, Ohio  43050                 Columbus, Ohio  43230

*Wise, John, J.*

**{¶1}** Defendant-Appellant Kevin R. Fawcett, Jr., appeals the October 28, 2020, decision of the Knox County Common Pleas Court ordering the forfeiture of $3,324.00 in U.S. currency, following a criminal forfeiture hearing.

**{¶2}** Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}** The relevant procedural facts leading to this appeal are as follows.

**{¶4}** On April 16, 2018, Appellant Kevin R. Fawcett, Jr. was indicted by the Knox County Grand Jury on a five-count indictment, including charges of aggravated trafficking in drugs, aggravated possession of drugs, and three counts of having weapons under disability. (See Indictment, Case No. 18CR04-0125).

**{¶5}** On January 25, 2019, Appellant filed a Motion to Suppress but withdrew the motion on the record at the hearing. (J.E., Mar. 27, 2019).

**{¶6}** On June 16, 2020, Appellant entered a plea of guilty to Count One, Aggravated Trafficking in Drugs, a felony of the second degree, in violation of R.C. §2925.03(A)(2) (Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance). The parties agreed to have a contested forfeiture hearing on the forfeiture specification as to Count One involving $3,324.00 in U.S. currency, which was specified as proceeds of drug activity. (Plea Tr. at 3-4, 9; Indictment).

**{¶7}** On October 22, 2020, the trial court held a forfeiture hearing. Appellant waived his right to have the issues tried to a jury. (Waiver, Sep. 3, 2020).

**{¶8}** At the October 22, 2020 forfeiture hearing, the State of Ohio presented three witnesses: Sgt. Dan Selby of the Knox County Sheriff's Office; Ptl. Sarah Wheeler, a K9

officer with the Mount Vernon Police Department; and Det. Terry Wolfe, a drug detective with the Knox County Sheriff's Office. All three testified to their involvement in the stop and subsequent search of Appellant's vehicle on April 2, 2018.

{¶9}    Sgt. Selby testified that he was in the marked vehicle that stopped Appellant after Det. Wolfe witnessed Appellant driving and Selby confirmed that Appellant's license was suspended. (Tr. at g-10). Sgt. Selby testified that Appellant was the only occupant of the vehicle (Tr. at 10), and he stood by while Ptl. Wheeler arrived and deployed her K9 to sniff around Appellant's vehicle (Tr. at 11). After the K9 alerted, Sgt. Selby began to assist the other officers with the vehicle search. (*Id.*) He discovered what appeared to be counterfeit currency in the center console near the driver's seat. (Tr. at 12). He testified to locating two loaded handguns under the back seat of the vehicle, while Ptl. Wheeler located a third handgun. (Tr. at 13-14). All three firearms were loaded. (Tr. at 14). Sgt. Selby then observed another deputy's discovery of three separate bags containing what appeared to be narcotics concealed in the rocker panel of the vehicle near the driver's seat. (Tr. at 15-16).

{¶10} Ptl. Wheeler testified that she was working as a K9 officer for the Mount Vernon Police Department at the time of Appellant's traffic stop and was called in to assist sheriff's deputies. (Tr. at 18). She stated that she was requested to have her K9 perform a sniff of Appellant's vehicle, and when she did, the K9 alerted. (Tr. at 18-19). She and the other officers began a search of the vehicle. (Tr. at 19). She testified that she located a handgun in the back seat of Appellant's Jeep Cherokee. (*Id.*) Her search then moved to the rear cargo compartment of the Jeep, where she searched a black computer case bag, locating cell phones, laptop computers, a "large amount" of money and drug

paraphernalia. Ptl. Wheeler testified that as a K9 officer, she had received specialized drug case training and that these items were commonly associated with drug trafficking. (Tr. at 22-23).

{¶11} Detective Terry Wolfe testified that he had been investigating Appellant's alleged ties to drug activity since November of the previous year. (Tr. at 24). Using information from a confidential informant, Det. Wolfe was investigating Appellant and four other individuals alleged to be moving bulk amounts of drugs from a house at 606 East Ohio Avenue. (Tr. at 26). Det. Wolfe surveilled the area on East Ohio Avenue and saw Appellant that day moving things back and forth in his vehicle which was parked on the street. Knowing that Appellant's license was suspended and observing him drive away from East Ohio Avenue, he requested a marked unit and a K9 officer to assist. (Tr. at 27-28).

{¶12} Det. Wolfe was at the scene of the traffic stop when Ptl. Wheeler's K9 alerted to Appellant's vehicle, and he participated in the search. Det. Wolfe began in the rear cargo compartment, locating what he identified as a methamphetamine pipe laying loose in the trunk area. (Tr. at 29). He then assisted Ptl. Wheeler in her search after the firearms were located. He searched a black bag, finding what he estimated to be between $3200 and $3300 in cash. (Tr. at 30). There were twenty-nine $100-dollar bills, and miscellaneous other denominations. (*Id.*) Det. Wolfe testified that given the larger amounts of methamphetamine (three bags were located, each of which would be F2 weight), it would be more likely for those transactions to be conducted with large bills. (Tr. at 32-33). He testified that the going rate for an ounce of methamphetamine at that time was about $500 per ounce. (*Id.*) Det. Wolfe also testified that he located seven cell

phones, laptop computers, scales, and baggies used to prepare for sales in the back of Appellant's vehicle. (Tr. At 34). He testified that based on his training and experience, it was normal for electronics to be traded for drugs. (*Id.*)

**{¶13}** Appellant did not testify at the forfeiture hearing, and no alternative explanation of the source of the $3,324.00 was offered into evidence.

**{¶14}** After hearing the State's witnesses, the trial court ordered the forfeiture of the $3,324.00 in U.S. Currency to the Knox County Sheriff's office as drug proceeds. (Decision & Entry of Forfeiture, Oct. 28, 2020).

**{¶15}** By Judgment Entry filed October 28, 2020, Appellant was sentenced to a three-year term of mandatory imprisonment as a joint recommendation of the parties. (Plea Tr. at 10, 12; Sent. Entry, Oct. 28, 2020). The sentencing entry contained the order of forfeiture. (Sent. Entry, Oct. 28, 2020 at 2).

**{¶16}** Appellant now appeals, raising the following Assignment of Error:

<u>ASSIGNMENT OF ERROR</u>

**{¶17}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ORDERING THE FORFEITURE OF UNITED STATES CURRENCY AS THE PROCEEDS OF CRIMINAL ACTIVITY."

**I.**

**{¶18}** In his sole Assignment of Error, Appellant argues the trial court erred in ordering the forfeiture of money seized in this matter.  We disagree.

**{¶19}** More specifically, Appellant herein argues that the State did not prove by a preponderance of the evidence that the $3,324.00 which was seized from Appellant at

the time of his arrest was connected to a criminal act or enterprise. Appellant contends that the court therefore erred when it ordered the forfeiture of the money.

{¶20} "A forfeiture action, while criminal in nature, is a civil proceeding against the seized property." *State v. Watkins,* 7th Dist. Jefferson No. 07 JE 54, 2008–Ohio–6634, ¶ 31, citing *State v. Lilliock,* 70 Ohio St.2d 23, 25 (1982). "[T]he law generally does not favor forfeiture, and such statutes must be strictly construed against the state." *Id.,* citing *Lilliock* at 25 and *State v. Hill,* 70 Ohio St.3d 25, 31 (1994).

{¶21} R.C. §2981.02(A)(2) provides that 'proceeds derived from or acquired through the commission of an offense' may be forfeited provided the requisite showing is made."

{¶22} "In cases involving unlawful * * * activities, 'proceeds' means any property derived directly or indirectly from an offense." R.C. §2981.01(B)(11)(a). Under the statute, " 'proceeds' is not limited to the net gain or profit realized from the offense." R.C. §2981.01(B)(11)(a).

{¶23} In a forfeiture proceeding under R.C. §2981.04, the State bears the burden of proof by a preponderance of the evidence that property is subject to forfeiture under R.C. §2981.02. R.C. §2981.04(B).

{¶24} As a reviewing court we will not disturb the judgment of the trial court as contrary to the weight of the evidence where there is some competent, credible evidence supporting the judgment. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.

{¶25} According to various Ohio appellate cases, facts that may indicate that a sum of money is connected to a criminal drug offense include: (1) The money seized is a

large sum in small denominations. *State v. Owens,* 9th Dist. No. 23267, 2007–Ohio–49, at ¶ 15; *State v. Larios,* 8th Dist. No. 83507, 2004–Ohio–5730, at ¶ 28; *Balwanz* at ¶ 50; (2) The money was found with items associated with drug trade, such as a pager or cellular telephone. *Owens* at ¶ 15; *Larios* at ¶ 28; (3) The money was found with tools of the drug trade, such as paraphernalia, scales, or the drugs themselves. *State v. Harris,* 12th Dist. No. CA2007–04–089, 2008–Ohio–3380; *Copley Tp. Trustees v. $10,600.00 in U.S. Currency* (Dec. 30, 1998), 9th Dist. No. 18985, at *3; (4) The defendant was caught in the act of selling drugs. *Larios* at ¶ 28; (5) The defendant possessed marked bills from an informant. *Larios* at ¶ 28–29. *State v. Watkins*, 7th Dist. Jefferson No. 07 JE 54, 2008-Ohio-6634, ¶¶ 29-51

**{¶26}** Here, as set forth above in greater detail, the trial court heard testimony that police discovered the following in Appellant's car: $3,324.00 in cash, three (3) loaded firearms, three baggies each containing approximately 28 grams of methamphetamine worth approximately $1,500, seven (7) cell phones, laptop computers, a methamphetamine pipe, scales and plastic baggies. Ptl. Wheeler testified that the items located with the cash and the drugs were commonly associated with drug trafficking. Det. Wolfe testified that the fact that most of the money found consisted of $100 dollar bills was consistent with the larger amounts of methamphetamine being sold in the drug transactions as evidenced by the three baggies packaged with the methamphetamine, each valued at approximately $500. He also testified it was normal for electronics to be traded for drugs.

**{¶27}** Here we find, based upon our review of the evidence, that there was some competent, credible evidence from which the trial court could conclude that the money

seized from Appellant was subject to forfeiture because it was acquired during the commission of a drug trafficking offense.

**{¶28}** Appellant's sole assignment of error is overruled.

**{¶29}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/kr 0526