OPINION
{¶ 1} Defendant-appellant John Cameron appeals from the Stark County Court of Common Pleas, overruling his motion to return property. Plaintiff-appellee is the State of Ohio.
 {¶ 2} In December 2003, the Stark County Grand Jury indicted appellant for one count of trafficking in marijuana in violation of R.C. 2925.03
(A)(1), a felony of the third degree; two counts of trafficking in marijuana in violation of R.C. 2925.03 (A)(1), felonies of the fourth degrees; one count of trafficking in marijuana in violation of R.C. 2925.03
(A)(1), a felony of the fifth degree; one count of possesses criminal tools in violation of R.C. 2923.24 (A), a felony of the fifth degree; and one count of intimidation of an attorney, victim or witness in a criminal case in violation of R.C. 2921.04 (B), a felony of the third degree.
 {¶ 3} On March 19, 2004, pursuant to a negotiated plea agreement, appellant pled guilty to all charges. Upon accepting his guilty plea, the trial court sentenced appellant to an agreed upon aggregate prison term of eighteen months.
 {¶ 4} On April 1, 2004, appellant filed a Motion to Return Property requesting hat ten guns confiscated from the residence of William Cameron, appellant's brother, in the search incident to appellant's arrest be returned to William Cameron.
 {¶ 5} On May 26, 2004, the trial court conducted a hearing on appellant's motion to return property. At the hearing, William Cameron testified that all of the guns confiscated were his, except the Thompson Center Arms Muzzle loader. When the trial court inquired as to why he possessed so many guns, William Cameron stated that he liked guns and was a gun collector. At the conclusion of the hearing, the trial court continued the case for one week to allow William Cameron to locate gun purchase records for the weapons he claimed were his.
 {¶ 6} On June 4, 2004, counsel for appellant notified the trial court that William Cameron was not able to acquire ownership papers or proof that he had purchased the guns. Thereafter, the trial court held that only two of the weapons should be returned to appellant's brother and filed a judgment entry granting the same.
 {¶ 7} Appellant, John Cameron, has appealed raising the following assignment of error for our consideration:
 {¶ 8} "I. Did the trial court abuse its discretion by not returning confiscated property to the appellant's brother?"
 I. {¶ 2} In his sole assignment of error appellant argues that the trial court abused its discretion by not returning the firearms to his brother. Appellee argues that appellant has no standing to raise that issue on appeal. We agree.
 {¶ 3} In the instant case, forfeiture proceedings pursuant to R.C. 2925.42 were not pursued by appellee. Neither the indictment nor the plea agreement contained any reference to the weapons at issue in this appeal.
 {¶ 4} R.C. 2933.41(A) (1) provides that "[a]ny property * * * that has been * * * lawfully seized or forfeited * * * shall be disposed of pursuant to this section." R.C. 2933.41(C) provides:
 {¶ 5} "(C) A person loses any right that the person may have to the possession, or the possession and ownership, of property if any of the following applies:
 {¶ 6} "(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.
 {¶ 7} "(2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property."
 {¶ 8} R.C. 2933.41(C) is not a "forfeiture statute." State v.Lilliock (1982), 70 Ohio St.2d 23, 25, 434 N.E.2d 723. Rather, R.C. 2933.41
is a statute that "governs the disposition of property held by a law enforcement agency." Id. at 24, 434 N.E.2d 723.
 {¶ 9} Because appellant pled guilty to a felony drug offense, he forfeited any right to possess or own the firearms. See, R.C. 2923.13. Appellant does not, however, attempt to argue that the trial court improperly divested him of an interest in the firearms; instead, he asserts that because it is not unlawful for his brother to own or possess the firearms the property should be returned to him.
 {¶ 10} To establish standing, a party must demonstrate an injury infact, which requires a showing that the party has suffered or will suffer a specific injury traceable to the challenged action and that this injury is likely to be redressed if the court invalidates the action or inaction. Ohio Contract Carriers Assn., Inc. v. P.U.C.O. (1942),140 Ohio St. 160. R.C. 2933.41 permits the return of confiscated evidence only to those persons who can demonstrate that they have a right of possession. In re: Disposition of Property Held by Geauga Cty. Sheriff
(1998), 129 Ohio App.3d 676, 681-682, 718 N.E.2d 990; Eastlake v.Lorenzo (1992), 82 Ohio App.3d 740, 743, 613 N.E.2d 247. Because appellant has disavowed any ownership or possessory interest in the weapons, he has no injury that is likely to be redressed if the court invalidates the action or inaction. Moreover, it is axiomatic that a party is limited to asserting his or her own legal rights and interests, and not those of a third party. Warth v. Seldin (1975), 422 U.S. 490, 499,95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 355.
 {¶ 11} To bring an action on behalf of a third-party, a litigant must satisfy three criteria: first, the litigant must have suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute; second, the litigant must have a close relation to the third party; and third, there must exist some hindrance to the third party's ability to protect his or her own interest. Powersv. Ohio (1991), 499 U.S. 400, 411, 111 S.Ct. 1364, 113 L.Ed.2d 411
(citations omitted).
 {¶ 12} Because appellant has not demonstrated that he has suffered an injury in fact or that there exists some hindrance to his brother's ability to protect his interest in the weapons, he lacks standing to contest the trial court's refusal to return the weapons to his brother.
 {¶ 13} R.C. 2925.45 provides that any person aggrieved by an alleged unlawful seizure of property potentially subject to forfeiture under R.C. 2925.42 may file a motion in the appropriate court seeking its return. R.C. 2925.45(B) further explains the process involved as follows:
 {¶ 14} "The motion shall specify that the seizure of specified property was unlawful, state the reasons why the movant believes the seizure was unlawful, state that the movant is lawfully entitled to possession of the seized property, and request the court of common pleas to issue an order that mandates the law enforcement agency having custody of the seized property to return it to the movant."
 {¶ 15} These procedures demonstrate that appellant, who now claims no interest in the firearms was procedurally barred from instituting a pretrial challenge to the seizure and has no standing to raise this issue in his appeal. State v. Woodbridge (2003), 153 Ohio App.3d 121,2003-Ohio-2931, 791 N.E.2d 121. His brother, however, who apparently does claim some interest in the property, was in a position to attempt a pretrial challenge to the seizure of the property. Id. However, William Cameron has not filed an appeal from the trial court's order.
 {¶ 16} The appellant has failed to show that he is an aggrieved party whose substantial right to the property has been affected by the trial court's refusal to order the state to return the property seized. Statev. Yirga, 3rd Dist. No. 16-01-24, 2002-Ohio-2832.
 {¶ 17} The appeal is dismissed for lack of standing.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of standing. Costs to appellant.