DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Clifford Culgan has appealed from the judgment of the Medina County Court of Common Pleas which denied his motion to dismiss and motion for return of property. This Court affirms.
 I {¶ 2} In 2000, Appellant pled no contest to three counts of unlawful possession of a dangerous ordnance in violation of R.C. 2923.17(A), one count of possession of drugs in violation of R.C. 2925.11(A) 
(C)(4)(a), and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3). The trial court sentenced Appellant to 360 days in jail and Appellant appealed. This *Page 2 
Court affirmed Appellant's sentence. See State v. Culgan (2001),147 Ohio App.3d 19.
 {¶ 3} On May 10, 2002, Appellant pled guilty to one count of corrupting another with drugs in violation of R.C. 2925.02(A)(4), a second degree felony; one count of attempted pandering of obscenity involving a minor in violation of R.C. 2923.02 with R.C. 2907.32(A)(1) and (A)(3), a third degree felony; and two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04, third degree felonies. For those convictions, Appellant was sentenced to ten years in prison and was adjudicated a sexual predator. Appellant again challenged his sentence on appeal. This Court affirmed that sentence. See State v.Culgan, 9th Dist. No. 02CA0073-M, 2003-Ohio-2713.
 {¶ 4} During his current term of incarceration, Appellant filed a motion in his initial criminal case captioned "Motion to Dismiss for Want of Jurisdiction; and Motion for Return of Property." In his motion, Appellant alleged that his indictment was defective and that his wife's property was illegally seized. On June 14, 2006, the trial court denied Appellant's motions. Appellant has timely appealed the judgment of the trial court, raising two assignments of error. *Page 3 
 II Assignment of Error Number One "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL AND PROCEDURAL RIGHTS BY SUMMARILY DISMISSING THE APPELLANT'S `MOTION TO DISMISS FOR WANT OF JURISDICTION; AND MOTION FOR RETURN OF PROPERTY' AS THE TRIAL COURT PATENTLY AND UNAMBIGUOUSLY LACKED JURISDICTION TO TRY THE APPELLANT OR RENDER ANY JUDGMENT OTHER THAN DISMISSAL OF THE THREE ATTEMPTED POSSESSION OF DANGEROUS ORDINANCE COUNTS, AS SUCH COUNTS FAIL TO CHARGE ANY OFFENSE UNDER OHIO LAW."
 {¶ 5} In his first assignment of error, Appellant has alleged that the initial indictment to which he pled no contest was insufficient to charge him with a crime. We find no merit in Appellant's contentions.
 {¶ 6} As Appellant's motion to dismiss was filed a substantial period of time after his sentence and conviction, this Court construes the motion as a petition for post-conviction relief as provided in R.C.2953.21, per State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. As such, the procedural requirements of R.C. 2953.21 apply.
 {¶ 7} Accordingly, Appellant was required to comply with R.C.2953.21(A)(2). Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See *Page 4 
App.R. 3(A) 4(A). A trial court lacks jurisdiction to entertain a motion that is filed after the timeframe set forth in R.C.2953.21(A)(2). R.C. 2953.23(A).
 {¶ 8} Appellant's direct appeal concluded on December 19, 2001. Accordingly, any transcript of proceedings was filed prior to that date and the time period for filing a post-conviction petition had begun prior to December 19, 2001. Appellant's motion was filed on June 5, 2006, well beyond the 180-day period set forth by statute. Additionally, Appellant has not argued that he met the criteria set forth in R.C.2953.23(A)(1) for filing an untimely motion. As such, the trial court lacked jurisdiction to grant Appellant's motion and it was properly denied. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL AND PROCEDURAL RIGHTS BY SUMMARILY DISMISSING THE APPELLANT'S `MOTION TO DISMISS FOR WANT OF JURISDICTION; AND MOTION FOR RETURN OF PROPERTY' AS THE TRIAL COURT PATENTLY AND UNAMBIGUOUSLY LACKED CONSTITUTIONAL AND STATUTORY AUTHORITY TO RENDER ANY JUDGMENT OTHER THAN WHAT IS NECESSARY TO CAUSE THE SEIZED PROPERTY TO BE RETURNED TO THE APPELLANT; REGARDLESS OF WHETHER THE TRIAL COURT HAD JURISDICTION OVER THE ATTEMPTED FIREARMS COUNTS SET FORTH IN THE INDICTMENT."
 {¶ 9} In his second assignment of error, Appellant has argued that the trial court erred in denying his motion for the return of property. Specifically, *Page 5 
Appellant has asserted that the trial court was mandated to return the property to his wife. We disagree.
 {¶ 10} R.C. 2933.43(C) provides in pertinent part as follows:
 "If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense * * *, no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the * * * offense or a different offense arising out of the same facts and circumstances * * *; a forfeiture hearing shall be held in a case of that nature no later than forty-five days after the conviction or the admission or adjudication of the violation, unless the time for the hearing is extended by the court for good cause shown. The owner of any property seized because of its relationship to an underlying criminal offense or administrative violation may request the court to release the property to the owner." (Emphasis added.)
On appeal, Appellant has argued that the State has never sought or received a forfeiture order pursuant to the above statute and therefore his wife is entitled to have the property returned to her.
 {¶ 11} Upon review, we agree with the State that Appellant lacks standing to request an order that property be returned to his wife. In his motion, Appellant did not request that the property be returned to him. Rather, he sought to have the property returned to a third-party, his wife. "[I]t is axiomatic, as a prudential standing limitation, that a party is limited to asserting his or her own legal rights and interests, and not those of a third party." State v. Yirga, 3rd Dist. No. 16-01-24, 2002-Ohio-2832, at ¶ 38, citing Warth v. Seldin (1975),422 U.S. 490, 499. In order to bring an action on behalf of a third party, three criteria must be satisfied: *Page 6 
 "The litigant must have suffered an `injury in fact,' thus giving him or her a `sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests." (Internal citations omitted.) Powers v. Ohio (1991), 499 U.S. 400, 411.
In order to demonstrate an injury in fact, a party must be able to demonstrate that he or she has suffered or will suffer a specific injury traceable to the challenged action that is likely to be redressed if the court invalidates the action or inaction. In re Estate of York (1999),133 Ohio App.3d 234, 241.
 {¶ 12} In his motion, Appellant did not argue that he was entitled to return of the property. As such, Appellant has identified no injury that he has suffered that will be redressed by the trial court's action. In an analogous case, the Fifth District found that a defendant had no standing to seek the return of property allegedly owned by his brother.State v. Cameron, 5th Dist. No. 2004-CA-00217, 2005-Ohio-3288, at ¶ 10.
 {¶ 13} As noted above, R.C. 2933.43(C) provides that "the owner of any property * * * may request the court to release the property to theowner." (Emphasis added.) Nothing in R.C. 2933.43(C) permits Appellant to seek the return of property to a third-party. Furthermore, Appellant has not alleged nor is there evidence to support a finding that Appellant's wife is hindered in her ability to pursue the return of her property. Accordingly, Appellant lacks standing to pursue the return of the property to his wife. Cameron at ¶ 12. Appellant's second assignment of error lacks merit. *Page 7 
 III {¶ 14} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing here of, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 8 
SLABY, P. J. CONCURS
 CARR, J. CONCURS IN JUDGMENT ONLY *Page 1