[Cite as *State v. McBride*, 2015-Ohio-5184.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

**STATE OF OHIO,**

      **PLAINTIFF-APPELLEE,**               **CASE NO.  1-15-48**

      **v.**

**CODY L. MCBRIDE,**                          **O P I N I O N**

      **DEFENDANT-APPELLANT.**

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2015 0034

**Judgment Reversed and Cause Remanded**

**Date of Decision:   December 14, 2015**

**APPEARANCES:**

    *Gregory W. Donohue* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant Cody L. McBride ("McBride") brings this appeal from the June 30, 2015 judgment of the Allen County Common Pleas Court denying his "Motion for Order Compelling Return of Motor Vehicle without Requiring Fees."

*Relevant Facts and Procedural History*

{¶2} On November 30, 2014, McBride was found "mostly naked" with a 14-year-old male in a vehicle in the parking lot of a closed business.[1] The vehicle, which was McBride's, was searched with consent and the officers located used and unused condoms inside. The vehicle was seized and impounded.

{¶3} On January 15, 2015, McBride was indicted for four counts of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A), all felonies of the fourth degree, and two counts of Illegal Use of a Minor in Nudity-Oriented Material or Performance in violation of R.C. 2907.323(A)(3), both felonies of the fifth degree. McBride originally pled not guilty to the charges.

{¶4} On February 27, 2015, McBride pled guilty to two counts of Unlawful Sexual Conduct with a Minor and one count of Illegal Use of a Minor in Nudity-Oriented Material or Performance. (Doc. No. 27). The remaining charges against him were dismissed.

---

[1] The indictment states that the underage male was older than 13 but younger than 16. The sentencing transcript specified that he was specifically 14 at the time of the offense. (Apr. 15, 2015, Tr. at 3).

{¶5} On March 30, 2015, McBride filed a "Motion for Release of Defendant's Impounded Property," in which he requested that his 1998 Chrysler Concord and his cell phone that had been seized be returned to him. (Doc. No. 35).

{¶6} On April 15, 2015, the matter proceeded to sentencing. McBride was ultimately sentenced to 3 years of community control and he was classified as a Tier II sex offender. The trial court then proceeded to address McBride's motion for release of his property. The State did not oppose McBride's motion, though the State specified that the pictures on his phone should be wiped before returning it to him. Based on the arguments and the State's concession, the trial court ordered McBride's vehicle and his cell phone to be released. A judgment entry reflecting McBride's sentence was filed April 15, 2015, and a separate judgment entry ordering the return of McBride's property was filed that same date.

{¶7} On April 20, 2015, McBride filed a "Motion for Order Compelling Return of Motor Vehicle without Requiring Fees." (Doc. No. 42). In the motion McBride contended that when he went to retrieve his vehicle, Army's Auto, who was holding the vehicle for the Shawnee Township Police Department, would not return his vehicle until the towing and storage fees were paid by McBride. (*Id*.) McBride argued that the vehicle was being held as evidence and the police

department should be responsible for the fees as part of the cost of "doing business." (*Id*.)

{¶8} On May 21, 2015, the trial court held a brief hearing on McBride's motion. At the hearing the State and McBride agreed to submit a written stipulation of facts from which the trial court could make a legal determination as to who was responsible for the storage costs of McBride's vehicle.

{¶9} On June 4, 2015, the State and McBride filed the joint stipulation of facts, which contained the information that McBride was located in the vehicle in question with an underage male. (Doc. No. 54). The stipulation of facts indicated that the vehicle was seized and impounded as evidence by the Shawnee Township Police Department and the police department then placed the vehicle in the custody of Army's Auto. (*Id*.) In addition, the stipulation of facts indicated that the Shawnee Township Police Department gave a release to McBride, who then took the release to Army's Auto, but Army's Auto refused to return the vehicle without payment of "substantial storage fees." (*Id*.)

{¶10} Based on these facts, the trial court issued a judgment entry on June 30, 2015, denying McBride's motion. In denying the motion, the trial court reasoned that the vehicle was a "key instrumentality used by the Defendant to commit the crimes in question." (Doc. No. 54). Further, the trial court held that McBride "has not established that the State should be required to pay the impound

fees for storing the vehicle at Army's Auto. * * * [Therefore, McBride] must pay any associated costs to Army in order to secure the release of his vehicle." (Doc. No. 56).

{¶11} It is from this judgment that McBride appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION FOR AN ORDER COMPELLING THE RETURN OF DEFENDANT-APPELLANT'S MOTOR VEHICLE, HELD AS EVIDENCE BY THE STATE, WITHOUT REQUIRING THE DEFENDANT-APPELLANT TO PAY THE STORAGE FEES OF THE POLICE DEPARTMENT, FOR SAID MOTOR VEHICLE, IN VIOLATION OF THE UNITED STATES CONSTITUTION'S FOURTH, FIFTH AND FOURTEENTH AMENDMENTS, AND OF THE OHIO CONSTITUTION.**

{¶12} In McBride's assignment of error, he argues that the trial court erred in denying his "Motion for Order Compelling Return of Motor Vehicle without Requiring Fees." Specifically, McBride contends that the State never requested an order from the trial court for McBride to have to pay for the storage of his vehicle prior to the trial court ordering the vehicle released at the sentencing hearing and thus McBride should not be responsible for paying for the storage, particularly since the State claimed it needed the vehicle for evidence and had not filed for forfeiture.

{¶13} At the outset, we would note that the State never filed for either criminal or civil forfeiture of McBride's vehicle pursuant to R.C. 2981.04 or R.C. 2981.05. McBride's vehicle was simply seized and impounded "as evidence." Nevertheless, the State argues that a trial court can order a criminal defendant to pay storage fees under one provision of the forfeiture statutes, R.C. 2981.11, which reads, "Any property that has been * * * seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose[.]" While R.C. 2981.11 allows law enforcement to retain property pending its use as evidence, the statute does not contain any provision authorizing a trial court to order a defendant to pay the costs of storing a vehicle that is not subject to forfeiture.

{¶14} The State argues that pursuant to several cases out of the Second District Court of Appeals, a trial court does have discretion to impose fees for the storage of vehicles kept as evidence under R.C. 2981.11. *See Dayton Police Dept. v. Grigsby*, 2d Dist. Montgomery No. 23362, 2010-Ohio-2504; *Dayton Police Dept. v. Thomas*, 2d Dist. Montgomery No. 23289, 2010-Ohio-1506; *Dayton Police Dept. v. Pitts*, 2d Dist. Montgomery No. 23213, 2010-Ohio-1505, ¶ 14. In all three of the cases cited by the State, the Second District affirmed a trial court's decision ordering a *police department* to pay storage fees of a vehicle pursuant to

R.C. 2981.11 when the State had filed for forfeiture of the vehicles but the vehicles in question belonged to an innocent third-party who was not the criminal defendant. The State contends that *Grigsby*, *Thomas*, and *Pitts*, stand for the proposition that a trial court *can* order a party to pay storage fees under R.C. 2981.11, even though the statute is silent on the matter, and that a trial court has *discretion* as to who is required to pay those storage fees.

{¶15} What the State ignores in citing *Grigsby*, *Thomas*, and *Pitts*, is that the State *filed for forfeiture* in all three of those cases. The order for the police department to pay storage fees under R.C. 2981.11 came after a *forfeiture* hearing was held, and the trial court determined that the *police department* did not carry *its* burden to prove by a preponderance of the evidence that it was entitled to forfeiture. When the police department did not carry its burden, the trial court ordered the police department to pay storage fees.

{¶16} Thus unlike in the case before us, in *Grigsby*, *Thomas*, and *Pitts*, the State had *actually filed for forfeiture of the vehicle* in question before storage costs were ultimately ordered *to the police department* under R.C. 2981.11. *Grigsby* at ¶¶ 3-5, *Pitts* at ¶ 3, *Thomas* at ¶¶ 3-5. Therefore none of the cases cited by the State indicate that a trial court has discretion to order storage fees against a defendant pursuant to R.C. 2981.11 where actual forfeiture was *never* sought, and no forfeiture hearing was held. We can find no cases indicating that a trial court

has authority to impose storage fees under R.C. 2981.11 absent some actual forfeiture proceedings and the statute itself contains no such provision allowing a trial court to order storage fees at all.

{¶17} Nevertheless, even assuming that because R.C. 2981.11 says nothing about storage fees the statute does not bar a trial court in its discretion from imposing storage fees in this case, it is important to note that the State made no request prior to the trial court ordering McBride's vehicle released for McBride to pay for its storage costs. Before the sentencing hearing McBride had filed a motion seeking the return of his vehicle. At the sentencing hearing, the State did not oppose McBride's motion, specifically stating that "the car itself is no longer needed as evidence." (Apr. 15, 2015, Tr. at 39). At that time the State did not request that any conditions be placed on the return of McBride's vehicle and the State did not request that McBride be responsible for any storage fees associated with the vehicle. The State did, however, explicitly request that a condition be placed on the return of McBride's cell phone. McBride had also asked for the return of the cell phone when requesting his vehicle, and the State indicated that the phone's return should be subject to any photographs being "wiped." (*Id.*) This condition was explicitly handwritten into the judgment entry. Thus the State did place a condition upon return of the phone, but it placed no such conditions on the

return of McBride's vehicle. As a result, the trial court's judgment entry ultimately ordered McBride's vehicle returned to him *without any conditions*.

{¶18} After McBride attempted to recover his vehicle from Army's Auto and was told that he had to pay storage fees he filed a motion with the trial court seeking to have it released without the fees. It was only at that time that the State attempted to assert that McBride should be responsible for the storage fees. The trial court ultimately accepted the State's argument that R.C. 2981.11 allowed it to order storage fees in this case and found that McBride's vehicle was a "key instrumentality" in the offense.

{¶19} We note that the trial court's reliance on the vehicle being a "key instrumentality" is questionable as this is phrasing that is directly related to the actual *forfeiture* of a vehicle pursuant to R.C. 2981.01-.05. There is no indication that the "instrumentality" language specifically related to vehicle forfeiture is implicated by R.C. 2981.11, which covers the "safekeeping of property." The word "instrumentality" does not appear at all in R.C. 2981.11.

{¶20} However, even assuming that the trial court had some discretion to make the determination that being an "instrumentality" allows for a trial court to order McBride to pay for storage of the vehicle under R.C. 2981.11, we do have some reservations regarding the actual nexus of the "instrumentality" to the alleged crimes. The vehicle itself was the "location" where the Unlawful Sexual

Conduct with a Minor related to Count 1 occurred. There was no direct connection or reference to the vehicle pertaining to any element of the offense in this case. While the first count of Unlawful Sexual Conduct with a Minor did occur in the vehicle, it is not clear that the offense could not have been committed but-for the vehicle, as the other count of Unlawful Sexual Conduct with a Minor alleged sexual contact occurring somewhere in a two month span leading up to the date McBride was found in the vehicle with the underage male. It is not clear in the record that this conduct all occurred in McBride's vehicle, or only occurred there.

{¶21} Nevertheless, even conceding that McBride's vehicle could have been classified as an "instrumentality" pursuant to the forfeiture statutes under other factors, it remains unclear why the State needed McBride's entire vehicle for "evidence" as opposed to merely photographing it, taking test samples from it and/or taking the used and unused condoms inside of it. The State does not clarify to the trial court or this Court why specifically it needed continued and extended possession of the entire vehicle to prove its case against McBride.

{¶22} However, giving all possible deference to the trial court's decision we will assume for the moment that the entire vehicle was needed for evidence, that it did constitute an instrumentality, and that R.C. 2981.11 does allow a trial court to charge a defendant for storage of a vehicle that is going to be used as evidence against him but was never subject to forfeiture proceedings. Even

assuming all of these things, we have a significant concern about the authority and jurisdiction of the trial court to effectively enter a money judgment in a criminal case in favor of *Army's Auto*, a third-party not otherwise involved in the case, after McBride's criminal case was effectively concluded, without the State ever requesting McBride to pay for the vehicle prior to sentencing.

**{¶23}** We note that at the sentencing hearing, the State did request that McBride pay court costs and costs of prosecution, and the trial court ordered McBride to pay those costs. However, this Court has specifically noted that the "costs of prosecution" does not encompass towing and storage of a vehicle being held for evidence, and that a trial court cannot award restitution to a towing service or to a Sheriff's Department. *State v. Christy*, 3d Dist. Wyandot No. 16-04-04, 2004-Ohio-6963, ¶¶ 15-17, 21-23. In fact, in *Christy* we reversed a trial court's decision ordering restitution for towing and storage under plain error.

**{¶24}** It would seem that the trial court's order for McBride to pay for storage of his vehicle, which was never subject to forfeiture, is similar to the trial court ordering restitution for storage *after McBride was already sentenced*. First, no such restitution could be ordered under *Christy* as Army's Auto and the Sheriff's Department were not victims of the crime. Second, even if it could, the trial court could not impose additional sanctions upon McBride after he was sentenced. Similarly, we would note that R.C. 2929.18, which governs financial

sanctions, contains no provision authorizing the trial court to order McBride to pay storage fees as part of the financial sanctions of his criminal sentence. Third, the trial court had already issued a final judgment of sentence ordering McBride's vehicle to be released to him, placing no conditions on that release and the State had no objections to the release.

{¶25} This Court has quoted language in the past that statutes " 'in derogation of private property rights' are strictly construed against the state." *State v. McMeen*, 3d Dist. Seneca No. 13-14-26, 2014-Ohio-5482, ¶ 13, quoting *State v. Brimacombe,* 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 32 (6th Dist.), quoting *State v. Lilliock,* 70 Ohio St.2d 23, 26 (1982). Under the facts and circumstances of this particular case, we cannot find that the trial court had authority to issue a post-sentence order for McBride to pay storage fees for his vehicle where the vehicle was being held for evidence by the State, where the vehicle was not subject to forfeiture, and where no conditions were placed on the release of the vehicle in the final judgment of sentence. For all of these reasons we find that the trial court erred in ordering McBride to pay for the storage fees in this particular case. Therefore McBride's assignment of error is sustained.

{¶26} For the foregoing reasons the assignment of error is sustained and the judgment of the Allen County Common Pleas Court is reversed. This cause is

remanded to the trial court for further proceedings and to order the State to pay storage costs of McBride's vehicle.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**