[Cite as *State v. Travis*, 2017-Ohio-7285.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 13-17-13

    v.

TERRELL K. TRAVIS,                O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Seneca County Common Pleas Court
Trial Court No. 15-CR-0220

Appeal Dismissed

Date of Decision:   August 21, 2017


APPEARANCES:

    *Terrell Travis*, Appellant

    *Angela M. Boes* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Terrell K. Travis ("Travis"), brings this appeal from the March 24, 2017, judgment of the Seneca County Common Pleas Court denying Travis's "Motion for Order Compelling Return of Motor Vehicle without Requiring Fees."

*Relevant Facts and Procedural History*

{¶2} On November 25, 2015, the Seneca County Grand Jury indicted Travis on seven felony drug offenses: Counts 1 through 4 were Trafficking in Heroin in violation of R.C. 2925.03(A)(1), (C)(6)(b), all felonies of the fourth degree; Count 5 was Trafficking in Heroin in violation of R.C. 2925.03(A)(2), (C)(6)(e), a felony of the first degree; Count 6 was Trafficking in Cocaine in violation of R.C. 2925.03(A)(2), (C)(4)(c), a felony of the third degree; and Count 7 was Possession of Criminal Tools in violation of R.C. 2923.24(A), (C), a felony of the fifth degree. Counts 1-6 contained specifications alleging that the offenses were committed within the vicinity of a school and that certain property was subject to forfeiture as proceeds derived from and/or instrumentalities used in the commission of or facilitation of the offenses pursuant to R.C. 2981.02. Those items subject to forfeiture included $3,370.00 in US currency, a power converter, Bluetooth, Sirius radio, Garmin GPS, Magellan GPS, six cellular phones, Hisense Smart TV, Xbox

with controller and games, Kindle, MP3 player, and a 2007 Ford Edge VIN #2FMDK48C67BB33299.

{¶3} Travis originally pled not guilty to the charges. However, Travis later entered into a written negotiated plea agreement with the State wherein he agreed to plead guilty to all of the counts in the indictment and the specifications including the forfeiture of all of the listed items, with the one exception that the 2007 Ford Edge was explicitly left out of the forfeiture agreement. In exchange for the guilty pleas, the State and Travis jointly recommended a total prison term of 9 years (7 of which were mandatory) along with fines. The trial court accepted the guilty pleas and Travis was sentenced to serve the jointly recommended prison term. A judgment entry memorializing Travis's sentence was filed March 3, 2016. A separate judgment entry was filed that same date forfeiting the specified property (other than the 2007 Ford Edge).

{¶4} Travis appealed his convictions and sentence to this Court, arguing that his pleas were not made knowingly and voluntarily, that his right to a speedy trial was violated and that his trial counsel was ineffective for failing to raise the issue of speedy trial. In an unpublished judgment entry determined on this Court's accelerated calendar, this Court overruled Travis's assignments of error. *State v. Travis*, 3d Dist. Seneca No. 13-16-08.

{¶5} Following his direct appeal, on December 1, 2016, Travis filed a pro se "Motion for Specific Performance" in the trial court, arguing that as part of his plea agreement the State was required to return "*his* 2007 Ford [E]dge." (Emphasis added.) (Doc. No. 65). Travis contended that his "mother went and had the title put in her name and went again to pick up the 2007 Ford [E]dge and was then told that it could not be released to her because the defendant had a pending appeal in this case. The defendant's appeal was ruled on * * * and the case is over. * * * At this time the defendant would ask [for] * * * an order directing the state to release his 2007 Ford [E]dge as set forth in his plea agreement or to rescind his plea contract with the [S]tate of Ohio." (*Id.*)

{¶6} On February 17, 2017, the State filed a response to Travis's motion. In its response the State agreed that the 2007 Ford Edge had been excluded from forfeiture in this case pursuant to the plea agreement; however, the State contended that this exclusion was on the basis that Travis was not the owner of the 2007 Ford Edge. The State indicated that Travis had said his mother was in the process of having title of the 2007 Ford Edge transferred to her. Further, the State indicated that the vehicle was released to Keller's Towing where defendant's mother could recover it, but she "refused to pay the storage fees." (Doc. No. 68). The State argued that it was through no fault of the State that the vehicle had not been recovered by its rightful owner.

{¶7} On February 21, 2017, Travis filed a "Motion to Amend Defendant's Motion for Specific Performance and Motion to Proceed to Judgment." Although he characterized his motion as a "motion to amend," Travis's document essentially contained additional arguments supporting his original motion, though he did affirmatively indicate that he wanted to "rescind" his plea agreement.

{¶8} On February 24, 2017, the trial court filed a judgment entry on the matter. After reviewing Travis's arguments, the trial court determined that the State of Ohio had complied with the plea agreement with Travis. The trial court found that the 2007 Ford Edge "was properly transferred to a storage facility and out of the possession of the State of Ohio. The Vehicle is at Keller's Towing, and is recoverable by the owner of the Vehicle upon the payment of storage fees." (Doc. No. 70). The trial court denied all of Travis's pending motions.

{¶9} Travis did not file an appeal of the February 24, 2017, judgment of the trial court.

{¶10} On March 20, 2017, Travis filed a new motion in the trial court titled, "Motion for Order Compelling Return of Motor Vehicle without Requiring Fees." In the motion, Travis continued to argue that he had been trying to retrieve "his" 2007 Ford Edge and that the State would not release it. Travis rehashed the arguments he had made in his motion for specific performance, essentially contending that the State had been preventing him from obtaining the return of the

2007 Ford Edge. Travis argued that the State took his vehicle originally without permission on private property, and that his mother should not have been required to pay for storage fees regarding the vehicle.

**{¶11}** On March 24, 2017, the trial court summarily denied Travis's motion.

**{¶12}** It is from this judgment that Travis appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The trial court erred and abused its discretion in not ordering the return of the defendant's vehicle without him paying the storage fees.**

**{¶13}** In his assignment of error, Travis argues that he has been trying to retrieve "his 2007 Ford Edge" and that the State will not release it. Travis contends that his written plea agreement excluded the 2007 Ford Edge from forfeiture and that his mother went to retrieve the vehicle once she had title to it in her name but the storage company would not return the vehicle without payment of a $500 storage fee. Travis argues that under this Court's decision in *State v. McBride*, 3d Dist. Allen No. 1-15-48, 2015-Ohio-5184, there was no basis for the trial court to "order" the payment of storage fees.

**{¶14}** Initially, we would note that many of Travis's arguments in this appeal were made to the trial court in Travis's "Motion for Specific Performance." When that motion was denied, Travis could have filed a timely appeal but he did not, thus the corresponding arguments are barred under the doctrine of res judicata. *See State*

*v. Perry*, 10 Ohio St.2d 175 (1967). Nevertheless, to the extent that Travis's motion specifically regarding storage fees raises arguments that are not barred by res judicata, we will address them.

{¶15} In his brief, Travis appears to acknowledge that the 2007 Ford Edge is titled in his mother's name, though Travis does also refer to the 2007 Ford Edge as "his" in the brief as well. The record appears to reflect that the 2007 Ford Edge was originally seized pursuant to a search warrant related to Travis. The affidavit used to obtain the search warrant indicated that the 2007 Ford Edge had a temporary tag from Michigan and a search did not return any information on the owner. According to the record Travis was found in the 2007 Ford Edge. (Doc. No. 34 at p. 8).

{¶16} The record contains no definitive *documentation* as to who owns the 2007 Ford Edge, but it is now seemingly undisputed that Travis's mother is the current owner.[1] With Travis acknowledging that his mother is the owner of the 2007 Ford Edge, it would be incumbent upon *her* as owner of the vehicle to challenge the payment of any storage fees. Travis lacks standing to argue for the return of a vehicle to a third party, or to contest storage fees related to a third party. *State v. Heintz*, 9th Dist. Lorain No. 02CA007997, 2003-Ohio-242, ¶9 ("If the items are in fact the property of [someone other than the appellant], appellant is not an aggrieved

---

[1] Notably, on an affidavit of indigency just prior to his direct appeal, Travis indicated that he did not own an automobile, further supporting the State's claim that the vehicle was not Travis's. (Doc. No. 52). The State attaches additional documentation to its brief indicating that Travis had made statements that the 2007 Ford Edge was not his, however, those statements are not actually part of the record and we cannot consider them.

party whose rights have been adversely affected, and, as such, appellant lacks standing to appeal in this matter.").

{¶17} Finally, while Travis attempts to liken this case to *State v. McBride*, 3d Dist. Allen No. 1-15-48, 2015-Ohio-5184, wherein this Court reversed a post-sentence order for a criminal defendant to pay storage fees for *his* vehicle, *McBride* was vastly different from the case *sub judice*. First and foremost, the vehicle in *McBride* was actually McBride's and he had standing to challenge the issue. Second, in *McBride* the State kept a vehicle which the State had never even filed for forfeiture on and the trial court explicitly ordered McBride to pay storage fees *after* he had already been convicted and sentenced. Here the trial court has made no order impacting Travis and has made no order requiring *Travis* to pay storage fees. *McBride* is thus inapplicable to this case.

{¶18} As Travis lacks standing to argue for the payment of fees for a vehicle that is not his, his appeal is dismissed.

***Appeal Dismissed***

**PRESTON, P.J. and ZIMMERMAN, J., concur.**

**/jlr**